38908. LAVELLE v. THE STATE.

HILL, Chief Justice.

Defendant was indicted for trafficking in cocaine under Code Ann. § 79A-811 (j). A white powder, weighing 56.681 grams, of which 14.3 grams was cocaine, was found in defendant's possession. Defendant moved to quash the indictment, challenging the constitutionality of § 79A-811 (j) on equal protection and due process grounds. He also filed a motion to suppress alleging the search and seizure were illegal. The motion to quash was denied, and the motion to suppress was dismissed by the trial court. We granted defendant's application for immediate review.

Code Ann. § 79A-811 (j) provides: "Any person who knowingly sells, manufactures, delivers, or brings into this State, or who is knowingly in actual possession of, 28 grams or more of cocaine or of any mixture containing cocaine, as described in Schedule II, in violation of this Chapter, shall be guilty of the felony of 'Trafficking in Cocaine.'" From 28 to 200 grams the punishment is a mandatory 5 years and $50,000 fine; from 200 to 400 grams the punishment is a mandatory 7 years and $100,000 fine; from 400 grams the punishment is a mandatory 15 years and $250,000 fine. Code Ann. § 79A-811 (j). For possession of under 28 grams the punishment is 2 to 15 years for the first offense. Code Ann. § 79A-811 (c).

1. Defendant first contends that § 79A-811 (j) is unconstitutional in that it violates the equal protection requirement of the Fourteenth Amendment. He alleges that the classification scheme here — total amount of mixture of cocaine and non-contraband without regard to the amount of pure cocaine — is not rationally related to achievement of a valid state purpose. He acknowledges that the state's purpose of combating the illicit drug problem is a legitimate purpose and that varying the punishment imposed according to the severity of the violation of the criminal code is a legitimate means of achieving the state's goal. However, defendant urges that imposing greater punishment based on the total

amount of *mixture* possessed, and not on the total amount of cocaine, is an unconstitutional classification scheme.

In analyzing an equal protection challenge, the first step is to ascertain the applicable test for determining the validity of the classification scheme. Because the classification here does not involve a suspect class or other highly protected group, the test is the "rational relationship" test: If the classification scheme has a rational relationship to a legitimate state objective, the court will uphold it. Under this test it is not necessary that the scheme selected be the "best" one available. "As the United States Supreme Court has said . . . 'few statutory classifications are entirely free from the criticism that they sometimes produce inequitable results. Our inquiry under the Equal Protection Clause does not focus on the abstract "fairness" of a state law, but on whether the statute's relation to the state interests it is intended to promote is to tenuous that it lacks the rationality contemplated by the Fourteenth Amendment.' Lalli v. Lalli, [439 U. S. 259, 273] (99 SC 518, 527 [58 LE2d 503]) (1978)." *Nunnally v. Trust Co. Bank,* 244 Ga. 697, 699 (261 SE2d 621) (1979), cert. denied 445 U. S. 964. "[C]lassification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation. [Cits.]" *Cannon v. Ga. Farm &c. Ins. Co.,* 240 Ga. 479, 482 (241 SE2d 238) (1978). "Therefore, this court's inquiry is limited to identifying the ends the General Assembly intended to be served by [a particular statute] and insuring that the means chosen are rationally related to the promotion of those state objectives." *Nunnally v. Trust Co. Bank,* supra, 244 Ga. at 699.

By enacting § 79A-811 (j) the General Assembly intended to restrict the flow of cocaine by providing more severe punishment for persons distributing this drug. The scheme adopted to do this involves greater penalties for those possessing greater quantities of cocaine either in pure form or in combination with other materials. Because cocaine is often mixed with milk sugar and other substances before being sold, the General Assembly included cocaine mixtures in § 79A-811 (j), and it is reasonable for the General Assembly to deal with cocaine as it is actually marketed rather than deal with pure cocaine which is rarely found. Defendant also argues that it is irrational to punish less severely the possessor of 27 grams of pure cocaine than the possessor of 10 grams of cocaine in 20 grams of noncontraband. "The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for [the state's] determination. (Cits.)" Pennsylvania v. Ashe, 302 U. S. 51, 55 (58 SC 59, 82 LE 43) (1937). We find the scheme involved here rationally related to the objectives of the legislature. Other courts

have reached the same conclusion. United States ex rel., Daneff v. Henderson, 501 F2d 1180 (2d Cir. 1974); People v. Mayberry, 63 Ill. 2d 1 (345 NE2d 97) (1976), cert. denied 429 U. S. 828; State of Fla. v. Yu, 400 S2d 762 (1981).

2. Defendant next contends the statute as written violates the due process requirement alleging that it provides neither fair notice to persons of ordinary intelligence of the precise conduct proscribed nor standards and guidance to law enforcement officers, judges, and juries to prevent arbitrary and discriminatory enforcement. In support of the position, defendant first argues that the statute fails to adequately define "mixture." The legislature intended the word "mixture" to have its ordinary meaning: "that which results from mixing different ingredients together." Webster's New International Dictionary, 2d ed. (unabridged) (1934). There is no suggestion the items seized here do not fit this definition of "mixture." We find the statute provides fair notice of the precise conduct proscribed.

Defendant also contends the statute does not set forth adequate standards to prevent arbitrary and discriminatory enforcement. He argues that under the scheme here a ruthless prosecutor could easily add milk sugar to the cocaine seized to increase the amount "seized" and have the accused subject to greater penalty. While we do not accept the proposition that prosecutors will act illegally, the argument nevertheless is without merit in that the question here concerns whether the statute permits or encourages arbitrary and discriminatory enforcement and not whether the prosecutor will act illegally by tampering with the evidence.

Defendant next argues that the statute permits each prosecutor to determine whether to seek an indictment on the basis of the quantity of cocaine alone, on the basis of the quantity of mixture of cocaine and dilutant, or on the basis of the quantity of mixture of cocaine, dilutant, and any other noncontraband ingredient found in the mixture. He suggests these three possibilities show the statute is capable of arbitrary and discriminatory enforcement. We find the statute intends for the prosecutor to seek indictments based on the total amount of cocaine or cocaine mixture seized. Defendant's due process challenges are without merit.

3. Finally defendant contends the trial court erred in dismissing his motion to suppress evidence allegedly illegally seized. The first time a hearing was scheduled on the motion, the presiding judge suddenly fell ill after the state had rested but before defendant presented his evidence. At the rescheduled hearing six months later, the state again presented its evidence and then moved to dismiss the motion for failure to comply with the form requirements of Code Ann. § 27-313 (b). That section requires that a motion to suppress

evidence illegally seized "state facts showing wherein the search and seizure were unlawful." The judge dismissed the motion, and defendant contends this was error for two reasons: (1) the state had waived any error in form by twice presenting evidence to defeat the motion without first contesting the form; and (2) the motion alleged sufficient facts to comply with § 27-313 (b).

Because the question of the sufficiency of the form of the motion is a recurring problem and is dispositive of this case, we address it. It is true that the Code states that a motion to suppress shall "state facts" showing wherein the search and seizure were unlawful. Code Ann. § 27-313 (b). However, analysis reveals that, with respect to warrantless searches, many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search).

Defendant's motion to suppress alleged the following: "On the 12th day of February, 1981, as Defendant was seated in the Atlanta Airport at the Departure Gate and reading a book, he was confronted by three (3) law enforcement officers who searched him, arrested him, searched him more thoroughly, and allegedly seized from him what the State claims to be Cocaine. . . . The search and seizure were without a warrant. . . ." As conclusions of law defendant alleged that "There was no probable cause for the search and seizure. There was no consent freely and voluntarily given by the defendant . . ."

The defendant's motion to suppress shows the date of the search, the location of the search (albeit a general location as opposed to a specific location), the identity of the person searched, the number of officers making the search (albeit not their identities or the organization with which they were affiliated), the identity of the material seized, the fact that the search was conducted without a warrant being exhibited to the defendant, the fact that defendant did not consent to the search, and the conclusion that there was no probable cause for the search. The motion to suppress in *Wallin v. State,* 248 Ga. 29 (279 SE2d 687) (1981), did not contain the foregoing information.

The motion in this case was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing. We find that defendant's motion was adequate, and that it was error to dismiss it without hearing defendant's evidence thereon.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Decided November 16, 1982.

England & Weller, J. Melvin England, for appellant.

Robert E. Keller, District Attorney, Steven E. Lister, Assistant District Attorney, for appellee.