## 64859. THE STATE v. BLOSFIELD.

QUILLIAN, Presiding Judge.

The State appeals from the sustaining of a motion to suppress certain evidence arising out of an accusation of shoplifting. *Held:*

1. The defendant contends the appeal should be dismissed because the order was not a final judgment as defined by Code Ann § 6-701 (a) (1) (Ga. L. 1965; as amended through Ga. L. 1979, pp. 619, 620) and the State failed to make application to this court for interlocutory review under Code Ann. § 6-701 (a) (2).

Code Ch. Ann. 6-10A treats with the State's right to appeal in criminal cases. Code Ann. § 6-1002a (Ga. L. 1973, pp. 297, 298) provides: *"Other than from an order, decision or judgment sustaining a motion to suppress evidence illegally seized,* in any appeal under the provisions of this Chapter where the order, decision or judgment is not final, it shall be necessary that the trial judge certify within 10 days of entry thereof that such order, decision or judgment is of such importance to the case that an immediate review should be had." (Emphasis supplied.)

Counsel for defendant argues that although the State need not obtain the trial judge's certificate it still must follow the remainder of Code Ann. § 6-701 (a) (2) and that this court must grant the application for review, prior to appeal.

What this argument overlooks is that at the time of the passage of Code Ann. § 6-1002a in 1973 the certificate of the trial judge was all that was needed in order to review a nonfinal order or decision. Thus, at the time of its enactment the statute excepted the grant of a motion to suppress from the requirements regarding orders which were not final. It was not until 1975 that the procedure for application to this court under Code Ann. § 6-701 (a) (2) was enacted. This, of course, merely changed the method by which an interlocutory order was appealed, providing not only for a certificate by the trial court but for application to and approval by the proper appellate court.

The language found in Code Ann. § 6-1002a must therefore be interpreted to refer to the general procedure and not the specific method of accomplishing interlocutory appeals. Moreover, based on the historical perspective, it would defy logic to believe the legislature intended that there be one hybrid classification of interlocutory appeal which would omit the trial judge's certificate but still require an application to this court.

We, therefore, find that there has been no essential modification of the principal effect of Code Ann. § 6-1002a which makes what would ordinarily be a nonfinal ruling on a motion to suppress directly appealable by the State.

2. There had been a former accusation for shoplifting against the defendant which was "nolle prossed" but prior thereto there was a hearing on defendant's motion to suppress which resulted in the denial of the motion. The case sub judice involves the same charge of shoplifting with an additional charge of battery. When the instant motion to suppress came on for hearing the State's attorney requested that the court adopt the evidence adduced on the former hearing. The trial court declined to judicially recognize the evidence of the former case and held that, in the absence of evidence on behalf of the State, since the State had the burden of proving that the search and seizure were lawful, the defendant's motion to suppress was granted.

Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571) clearly places the burden on the State to prove the legality of the search and seizure. However, it also provides: "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful."

In *Smith v. Hopper,* 240 Ga. 93, 95 (239 SE2d 510) the petitioner also took the position that the State had the burden of proof. The Supreme Court held: "Before the state's burden of proving a lawful seizure arises, the defendant must set forth '. . . facts showing wherein the search and seizure were unlawful.' Code Ann. § 27-313 (b). This the defendant did not do, so that the trial court did not err in denying his demand for proof by the state."

In *State v. Hodge,* 154 Ga. App. 293 (267 SE2d 906), the State appealed the grant of defendant's motion to suppress and contended that the motion failed to set forth sufficient facts as required by Code Ann. § 27-313 (b). The motion in that case alleged: "The Defendant moves this court to suppress any and all evidence, both tangible and intangible, resulting from a search and seizure of his person and vehicle conducted on the 30th day of June, 1979, which search and seizure were illegal and unlawful and in violation of the Defendant's constitutionally protected rights in that the police officers who conducted the unlawful search of the Defendant's person and vehicle lack with [sic] requisite probable cause to justify said warrantless search, and as a result, the illegally seized evidence should be suppressed by this Court." This court reversed, holding the motion did not comply with the requirements of our law. Accord, *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476); *Whitlock v. State,* 148 Ga. App. 203 (251 SE2d 59); *Mosier v. State,* 160 Ga. App. 415 (2) (287 SE2d 357); *Wallin v. State,* 248 Ga. 29, 30 (1) (279 SE2d 687).

The facts alleged in this motion are as follows:

"1) On or about June 6, 1981, the Defendant was lawfully on the premises of Zayre's Department Store as an invitee for the purpose of transacting retail business thereon.

"2) While lawfully on the premises of said store, the Defendant was accosted and illegally arrested and certain items seized from her possession.

"3) Her detention and arrest were illegal without probable cause and completely unauthorized. The Defendant shows that her arrest without a warrant was illegal and therefore any searches or seizure pursuant thereto were in violation of the defendant's rights as set out in the Fourth Amendment of the Constitution of the United States; Article I, Section I, Paragraph X of the Constitution of the State of Georgia and Ga. Code § 27-301, *et seq.*"

Under the test set forth by the above cited authority this motion was insufficient. However, the Supreme Court has recently clarified its position with regard to "facts" showing wherein the search and seizure were unlawful.

In *Lavelle v. State,* 250 Ga. 224 (297 SE2d 234) our highest court pointed out that although Code Ann. § 27-313 (b) refers to "facts" "... analysis reveals that, with respect to warrantless searches, many of the necessary allegations are negative facts (e. g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e. g., the officer lacked probable cause to arrest or search)."

In that case the motion to suppress alleged: "On the 12th day of February, 1981, as defendant was seated in the Atlanta Airport at the Departure Gate and reading a book, he was confronted by three (3) law enforcement officers who searched him, arrested him, searched him more thoroughly, and allegedly seized from him what the State claims to be Cocaine. . . . The search and seizure were without a warrant. . . . There was no probable cause for the search and seizure. There was no consent freely and voluntarily given by the defendant . . ."

The court observed: "The defendant's motion to suppress shows the date of the search, the location of the search (albeit a general location as opposed to a specific location), the identity of the person searched, the number of officers making the search (albeit not their identities or the organization with which they were affiliated), the identity of the material seized, the fact that the search was conducted without a warrant being exhibited to the defendant, the fact that defendant did not consent to the search, and the conclusion that there was no probable cause for the search . . ."

The court then held: "The motion in this case was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing. We find

that defendant's motion was adequate, and that it was error to dismiss it without hearing defendant's evidence thereon."

Tested by that case the motion in this case contains "facts" to show the date of the search, the general location, the identity of the person searched and the conclusion that defendant's detention and arrest "without a warrant" were illegal, without probable cause and completely unauthorized. The motion fails to show as did the one in *Lavelle,* supra, the number of officers or whether they were indeed "officers," the identity of the material seized, and the fact that the defendant did not consent to the search.

Considering that the *Lavelle* case might be distinguished because only about half of the factors advanced as reasons for upholding the sufficiency of the motion are present in this case, we still are constrained by the tenor of the decision to hold that the instant motion was sufficient to require the State to meet its allegations with proof to the contrary.

Therefore, the trial judge correctly placed the burden on the State to prove the search and seizure were lawful. However, we still must determine whether the trial judge properly granted the defendant's motion to suppress.

3. At the beginning of the hearing that led to the grant of the motion to suppress the following transpired. Counsel for the State urged that the ruling made on the prior motion to suppress in the case which was nolle prossed should control in the case sub judice since the evidence and the witnesses would be the same. After some preliminary discussion defense counsel inquired as to whether the state intended to present evidence on the motion to suppress. In response, the trial judge inquired of the State's attorney: "Are you going to present evidence on the motion?" and received the following response: "I — I move this Court to make the order of the Court of — of the original case the order of the Court in this case." The trial judge then stated: "All right. I'm just gonna deal with that issue right now. All right. I'm just gonna hear on that."

Both sides then presented their argument and citation of authority. At the close of the State's presentation, the trial judge stated: "Then, let me rule as follows: I — I disagree with you. . . . The *motion to suppress, then, is going to be granted.*" Counsel for the State interjected: "May I — may I make a motion before the Court actually — may I move to reserve at the time of trial on this case? Your Honor, I — I know the position I'm in." The trial judge responded to that question as follows: "I can't hardly do that, Charlie [the State's attorney]. Once you — you've had your bite at the apple. And that's just — you know, I'd have been glad to have heard that from you earlier, if you wanted to say, 'look,' you know, 'I'll do it.'

But we've already had the argument."

Counsel for the defendant argues that this shows that the State elected to rely on its legal argument and forgo the presentation of any evidence. The State's attorney urges that ruling on the motion to suppress was premature since only the question of whether the State had the burden was ripe for determination and the State was never given an opportunity to present any evidence on the motion.

From our examination of the transcript the only thing which appears to be certain is that an ambiguous situation was created which should not have occurred.

Nevertheless, we find some evidence that the State acquiesced in the decision to rule on the motion to suppress. We rely on these indicia: the State had announced ready and was apparently willing to rely on its legal position as to why in this instance the burden was not on the State; moreover, since the State requested a "motion to reserve," this also indicates that the State's attorney was not prepared to proceed with the presentation of the evidence; lastly, no objection was made on the basis now urged in this court.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1983.
Theft by shoplifting. Cobb State Court. Before Judge Hines.