A92A1472. THE STATE v. MEDLEY.
(422 SE2d 677)

JOHNSON, Judge.

Upon consideration of the entire record and the applicable statutory provisions, we conclude that the application for an interlocutory appeal was improvidently granted. Pursuant to OCGA § 5-7-2, the grant of a motion to suppress is directly appealable and not subject to interlocutory review. See *State v. Blosfield*, 165 Ga. App. 111 (299 SE2d 588) (1983).

The state also filed a notice of appeal while the application for interlocutory appeal was pending. If that notice of appeal was in response to the grant of the interlocutory appeal it was filed prior to the entry of the order granting the application and was therefore premature. If that notice of appeal was intended to be a notice of direct appeal, in the event the application for interlocutory appeal was denied, it was too late in that it was filed more than 30 days after the entry of the trial court's order and was therefore untimely. Accordingly, the appeal is dismissed.

*Appeal dismissed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor,* for appellant.

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellee.