A92A1274. STANLEY v. THE STATE.
(424 SE2d 90)

COOPER, Judge.

Appellant was convicted in a bench trial of trafficking in cocaine, violating the Georgia Controlled Substances Act and giving a false name. He appeals from the judgment of conviction and sentence.

1. In his first enumeration of error appellant contends the trial court erred in dismissing his motion to suppress evidence seized in an unlawful search and seizure. The record reveals that when appellant's motion to suppress came on for hearing, the State orally moved to dismiss the motion on the ground that it failed to set forth sufficient facts as required by OCGA § 17-5-30. The State argued that the brief filed in support of the motion, in which appellant set forth facts regarding the search and seizure, was a separate document which should not be considered as part of the motion. At the hearing, the trial court noted that if the brief were construed as being part of the motion, the motion would contain facts setting forth the circumstances surrounding the search, but the court ultimately agreed with the State that the brief was not a part of the motion and that the motion on its face was insufficient.

OCGA § 17-5-30 (b) requires that a motion to suppress "be in writing and state facts showing that the search and seizure were unlawful." We do not find that this statute precludes the consideration of appellant's brief, which was filed contemporaneously with the motion, as part of the motion. Accordingly, the motion showed the date and location of the search, the identity of the person searched, the organization with which the arresting officers were affiliated (albeit not the number of officers or their identities), the fact that the officers were acting on an informant's tip, the identity of the material seized, the fact that appellant did not consent to the search, the fact that appellant was arrested when he refused to consent to the search, the fact that the search was incident to his arrest and the conclusion that officers did not have reasonable suspicion or probable cause. See *Lavelle v. State*, 250 Ga. 224 (3) (297 SE2d 234) (1982). Thus, "[t]he motion in this case was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing. We find that [appellant's] motion was adequate, and that it was error to dismiss it without hearing [appellant's] evidence thereon." Id. at 227. The case shall be remanded "to the trial court with direction to conduct a hearing on appellant's motion

to suppress. Should the trial court grant appellant's motion, he would be entitled to a new trial. Should the trial court, however, deny appellant's motion on the merits, appellant would be entitled to file a new appeal from his conviction, an appeal limited in scope to the denial of the motion to suppress. [Cits.]" *Harvill v. State*, 190 Ga. App. 353, 357 (6) (378 SE2d 917) (1989).

2. Based on the foregoing, we need not consider appellant's second enumeration of error that the trial court erroneously refused to consider appellant's amended motion to suppress.

*Case remanded with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 2, 1992.

*Edward L. Adams*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.