## A95A1874. THE STATE v. GOODMAN.
### (469 SE2d 327)

RUFFIN, Judge.

Robert Scott Goodman was charged with driving under the influence, making an improper left turn and violating an open container ordinance. The State appeals the trial court's grant of Goodman's motion to suppress all evidence resulting from a traffic stop. Because the record supports the trial court's determination that the arresting officer stopped Goodman without reasonable suspicion, we affirm the judgment below.

On January 19, 1995, at approximately 9:30 p.m., Goodman's vehicle had stopped at a red light in a left-turn-only lane at the intersection of Tara Boulevard and Old Dixie Highway. Goodman was awaiting a green arrow signal when Officer Stubbs drove up behind him and noticed that Goodman had not activated his turn signal. When the arrow turned green, Goodman turned left into a U-turn. Officer Stubbs followed Goodman and immediately stopped him, suspecting he was driving under the influence of alcohol and drugs because Goodman failed to use a turn signal. Officer Stubbs testified that in connection with his four years' service on the Clayton County Police DUI Suppression Unit, he was trained to identify persons driving under the influence of alcohol and drugs. Officer Stubbs explained that based on his experience in making numerous DUI arrests, turning without the use of turn signals is a common indicator of an impaired driver. However, Officer Stubbs also admitted that from Goodman's position in the left-turn-only lane, his sole legal option was to turn left; that the U-turn was not illegal; and further that if Goodman had gone straight at the intersection, he would have committed an improper lane change.

1. In its first enumeration of error, the State contends the trial court erred in failing to dismiss Goodman's motion to suppress because the motion did not contain sufficient "facts showing that the search and seizure were unlawful" as required by OCGA § 17-5-30 (b). The State argues that Goodman's bare assertion in his motion to suppress that he "was lawfully operating his motor vehicle when he was pulled over by Officer W. S. Stubbs, Clayton County Police" was insufficient to apprise the State of its evidentiary burden in defending against the motion to suppress. The State also contends, contrary to Goodman's assertion, that the proper standard is whether Officer Stubbs had an articulable suspicion to justify briefly detaining Goodman and not whether Goodman lawfully operated his vehicle. There-

fore, the State maintains the motion to suppress did not properly raise a Fourth Amendment issue before the trial court, and the State was not required to produce evidence in rebuttal.

OCGA § 17-5-30 (b) requires that motions to suppress "*state facts* showing that the search and seizure were unlawful." (Emphasis supplied.) Thereafter, the State has the burden of proving that the search and seizure were lawful. Id. However, in *Lavelle v. State*, 250 Ga. 224 (3) (297 SE2d 234) (1982), the court acknowledged that, "with respect to warrantless searches, many of the necessary allegations [in the motion to suppress] are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search)." Id. at 227. Thus, to determine the sufficiency of the motion to suppress evidence obtained in a warrantless search and seizure, the court examined the specific allegations set forth in the motion to determine whether those allegations were "sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." Id.

In Goodman's motion, he alleged not only that he was lawfully operating his motor vehicle on January 19, 1995, when Officer Stubbs pulled him over, but also that he was not committing any crimes or behaving in any manner that would have warranted his arrest; that he was cited for driving under the influence and improper lane change; and that he had broken no laws in Officer Stubbs' presence which would justify his subsequent seizure. Consequently, the motion revealed the date of the stop, the identity of the person stopped, the identity of the officer who made the stop, the law enforcement organization with which he was affiliated, the nature of the stop (e.g., traffic stop), the offenses with which Goodman was charged, and the conclusion that no such violations occurred which would justify the stop. Moreover, immediately after the trial court denied the State's motion to dismiss the motion to suppress, the suppression hearing commenced wherein the State called Officer Stubbs to testify and, based on his testimony, argued to the court that Officer Stubbs had an articulable suspicion that Goodman was actually involved in criminal activity or was about to be involved in criminal activity. Accordingly, Goodman's motion was adequate, and we find no error in the denial of the State's motion to dismiss.

2. The State next contends that in granting Goodman's motion to suppress, the court erred in finding that Officer Stubbs lacked sufficient articulable suspicion to stop Goodman's vehicle.

" 'This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial

basis for the decision. [Cit.] We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous. [Cits.]' [Cit.] 'Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. . . . This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination.' . . . [Cit.]" *State v. Jones,* 214 Ga. App. 593, 594 (448 SE2d 496) (1994).

The State argues that the trial court failed to consider the totality of the circumstances surrounding the stop, including Officer Stubbs' considerable experience in detecting impaired drivers; the fact that failure to signal is a common indicator of an impaired driver; the fact that Officer Stubbs actually saw Goodman turn without signaling despite the presence of traffic behind him in violation of OCGA § 40-6-123 (a); and the fact that Goodman made a U-turn out of a left-turn-only lane. The State contends that when all of the evidence is viewed in the proper context, it is apparent that Officer Stubbs' conduct was neither arbitrary, capricious, harassing nor pre-textual. We disagree because the evidence does not show that Goodman violated OCGA § 40-6-123 in Officer Stubbs' presence nor would a reasonable officer conclude that Goodman was intoxicated solely because he failed to use a turn signal.

OCGA § 40-6-123 provides as follows: "(a) No person shall . . . turn a vehicle from a direct course or change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal in the manner provided in this Code section. (b) A signal of intention to turn right or left or change lanes *when required* shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction." (Emphasis supplied.) Thus, the statute contemplates instances in which a turn on a roadway can be made with reasonable safety without the use of a turn signal, i.e., where a signal is not necessary to alert other drivers of a motorist's intention to turn.

Other than Officer Stubbs' vehicle, there was no evidence of any other vehicles in the vicinity at the time of Goodman's turn. Consequently, we must examine whether safety dictated the use of a signal to alert Officer Stubbs of Goodman's intention to make a U-turn. Officer Stubbs admitted that from Goodman's position in the left-turn-only lane, his sole legal option was a left turn and that Goodman's U-turn at the intersection was legal. Under these circumstances, Officer Stubbs could not reasonably maintain that he was unaware of Good-

man's intention to turn. Therefore, a left turn signal was not necessary, and there was no violation of OCGA § 40-6-123 committed in Officer Stubbs' presence which alone justified the stop. Compare *Eisenberger v. State*, 177 Ga. App. 673 (2) (340 SE2d 232) (1986). Furthermore, the traffic stop was not supported by a reasonable suspicion or an objective manifestation that Goodman was or was about to be engaged in criminal activity. See *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987). Although Officer Stubbs testified to his extensive experience in making DUI arrests and in identifying impaired drivers, under the circumstances of this case, the trial court determined that it was not reasonable to conclude, based solely on Goodman's failure to signal, that he was intoxicated. There was no evidence that Goodman operated his vehicle improperly before stopping at the intersection nor did Officer Stubbs testify that Goodman executed the turn in a manner demonstrating that he was intoxicated. Compare *State v. Adams*, 186 Ga. App. 87 (366 SE2d 326) (1988) (traffic stop based on defendant's failure to signal lane change in moderate traffic, weaving between lanes and defendant's failure to stop before entering the intersection); *Huff v. State*, 205 Ga. App. 557 (422 SE2d 664) (1992) (traffic stop based on weaving and failure to signal). Accordingly, the trial court did not err in granting Goodman's motion to suppress based on Officer Stubbs' unreasonable suspicion that Goodman was intoxicated. *Tarwid*, supra. See also *Clark v. State*, 208 Ga. App. 896 (2) (432 SE2d 220) (1993) (physical precedent only).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1996.

*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor,* for appellant.
*Steven M. Frey,* for appellee.