## A96A1836. HILL v. THE STATE.
(476 SE2d 634)

BEASLEY, Chief Judge.

Hill was convicted of possession of marijuana with intent to distribute (OCGA § 16-13-30 (b)), obstruction of an officer (OCGA § 16-10-24), and weaving over roadway (OCGA § 40-6-48 (1)). After holding a hearing, the court dismissed Hill's motion to suppress on the ground that it failed to state facts showing that the search and seizure were unlawful as required by OCGA § 17-5-30 (b).

1. Hill first contends that the court erred in holding a hearing on his motion in his absence.

Without a waiver or acquiescence by defendant, it is prejudicial error to conduct an evidentiary suppression hearing in defendant's absence. See cases collected in *McGinnis v. State*, 208 Ga. App. 354, 357 (4) (430 SE2d 618) (1993). In *McGinnis*, we cited with approval *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274) (1986), stating: "[w]e held that because defendant's counsel failed to object to the trial court's exclusion of the defendant and because only questions of law were addressed at the pretrial hearing from which the defendant was excluded, defendant's exclusion did not constitute reversible error."

Inasmuch as Hill's counsel did not object to his absence from the hearing and only questions of law were addressed, no reversible error appears.

2. Hill contends that the court erred in dismissing his motion to suppress.

"In *Lavelle v. State*, 250 Ga. 224 (297 SE2d 234) our highest court pointed out that although [OCGA § 17-5-30 (b)] refers to 'facts' '. . . analysis reveals that, with respect to warrantless searches, many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search).'" *State v. Blosfield*, 165 Ga. App. 111, 113 (2) (299 SE2d 588) (1983); see *State v. Goodman*, 220 Ga. App. 169 (1) (469 SE2d 327) (1996).

In *Lavelle*, "[t]he court observed: 'The defendant's motion to suppress shows the date of the search, the location of the search (albeit a general location as opposed to a specific location), the identity of the person searched, the number of officers making the search (albeit not their identities or the organization with which they were affiliated), the identity of the material seized, the fact that the search was con-

ducted without a warrant being exhibited to the defendant, the fact that defendant did not consent to the search, and the conclusion that there was no probable cause for the search. . . .' " *Blosfield*, supra.

The motion in this case contains facts showing the date of the search, the general location of the search, the identity of the person searched, the organization with which the officer making the search was affiliated, the fact that the search was conducted without a warrant, the fact that the defendant did not consent to the search, and the conclusion that the search was unsupported by probable cause or articulable suspicion. The motion does not identify the material seized.

As in *Lavelle*, Hill's motion " 'was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing. . . .' " *Blosfield*, supra at 113. The focus is on what transpired, not on what was seized. As in *Lavelle*, *Blosfield*, and *Goodman*, the motion "was sufficient to require the State to meets its allegations with proof to the contrary." *Blosfield*, supra at 114; compare *Taylor v. State*, 197 Ga. App. 678 (1) (399 SE2d 213) (1990); *Boatright v. State*, 192 Ga. App. 112, 117 (8) (385 SE2d 298) (1989).

Consequently, as in *Stanley v. State*, 206 Ga. App. 125 (1), 126 (424 SE2d 90) (1992), "[t]he case shall be remanded 'to the trial court with direction to conduct a hearing on appellant's motion to suppress. Should the trial court grant appellant's motion, he would be entitled to a new trial. Should the trial court, however, deny appellant's motion on the merits, appellant would be entitled to file a new appeal from his conviction, an appeal limited in scope to the denial of the motion to suppress. (Cits.)' [Cit.]"

*Case remanded with direction. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 20, 1996.

*The Dallas Law Firm, Lucy J. Bell*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.