*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.

A98A0663. THE STATE v. BARNETT.
(504 SE2d 531)

POPE, Presiding Judge.

James Matthew Barnett was charged with no proof of insurance, following too closely, two counts of violating the Georgia Controlled Substances Act, and two counts of driving under the influence of drugs. Barnett filed a motion to suppress, which the court granted, and the State appeals. For the following reasons, we vacate the judgment and remand the case.

Evidence at the suppression hearing showed that Georgia State Patrol Trooper Dice Clark responded to a call to investigate an accident. Upon arriving at the scene, Clark found a 1997 Nissan Pathfinder which had hit a tree and also found a tractor-trailer which had been involved in the accident. Officer Clark determined that the driver of the Pathfinder was defendant Barnett, who was in an ambulance waiting to be transported to the hospital. Clark talked with Barnett, who was coherent, and asked him what had happened. Barnett told Clark that he had been driving the Pathfinder, that he had fallen asleep at the wheel, and that he did not know what had happened after that. Clark asked Barnett for his driver's license and proof of insurance. Barnett showed his driver's license and told Clark that his proof of insurance was in the glove compartment of the car. Trooper Clark went to the Pathfinder, opened the glove compartment, looked inside, and found an insurance card and a plastic bag that appeared to contain marijuana and a smoking pipe. Clark then followed Barnett to the hospital and read him his rights.

1. The State first argues that the court erred in denying its motion to dismiss Barnett's motion to suppress. Barnett's motion stated that "his vehicle was searched on or about May 1, 1997 and certain items alleged to be contraband were seized." The motion also stated that the seized marijuana and drug-related object were "the fruit of an unreasonable search and seizure," because the search was unreasonable since it was conducted without a warrant or probable cause.

The State argued orally below[1] that the motion to suppress did not set forth facts showing that the search and seizure were unlawful and was insufficient under OCGA § 17-5-30. As stated in *Lavelle v.*

---

[1] See *Davis v. State*, 203 Ga. App. 315, 316 (2) (416 SE2d 789) (1992).

*State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982): "[i]t is true that the Code states that a motion to suppress shall 'state facts' showing wherein the search and seizure were unlawful. [OCGA § 17-5-30 (b).] However, analysis reveals that, with respect to warrantless searches, many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search)."

Here, as in *Hill v. State*, 222 Ga. App. 839 (2) (476 SE2d 634) (1996), the motion was sufficient. Compare *Young v. State*, 225 Ga. App. 208 (1) (483 SE2d 636) (1997). The motion contains facts showing the date of the search, the general location of the search (i.e., Barnett's vehicle), the items seized in the search, the fact that the search was conducted without a warrant, and the conclusion that the search was unsupported by probable cause or articulable suspicion. Although the motion does not identify the number of officers who performed the search or state that Barnett did not consent to the search, "[t]he motion in this case was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witnesses to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." *Lavelle v. State*, 250 Ga. at 227.

Because we conclude that the motion was sufficient, we need not consider whether Barnett's letter brief, filed after the suppression hearing but before the court had ruled on the motion, should have been considered in determining the sufficiency of the motion to suppress. See generally *Stanley v. State*, 206 Ga. App. 125 (1) (424 SE2d 90) (1992) (concluding that statements in a brief could be considered in determining the sufficiency of the motion to suppress).

2. The State argues that the court erred in granting Barnett's motion to suppress. Specifically, the State contends that the warrantless search was lawful because when Officer Clark discovered the drugs, he was in the process of investigating the accident and was attempting to assure that Barnett had complied with OCGA § 40-6-10, which requires that every driver have insurance. The State also argues that evidence of the exchange between Officer Clark and Barnett established that Barnett gave his implied consent to search the glove compartment for an insurance card.

In granting the motion to suppress, the court stated: "[b]ased on the evidence presently before the Court, the Court cannot find beyond a reasonable doubt that by giving the location of the insurance card, that Defendant Barnett granted consent to Trooper Clark to enter Defendant's vehicle and search the glove compartment." The proper standard for a trial court's determination of whether there is consent to search is preponderance of the evidence. *Farley v. State*,

195 Ga. App. 721 (394 SE2d 585) (1990); *United States v. Matlock*, 415 U. S. 164, 177 (94 SC 988, 39 LE2d 242) (1974); see generally *State v. Roberts*, 196 Ga. App. 846 (397 SE2d 183) (1990). In using the standard of "beyond a reasonable doubt" for determining whether there was consent, the court erred. Had the court found beyond a reasonable doubt that there was no consent, it would have been clear that the lower standard of preponderance of the evidence was met. But, the court found in the negative here, i.e., that it could *not* find beyond a reasonable doubt that the defendant consented. Under the standard of preponderance of the evidence, the court might have found that there was consent, or it might not have so found. Accordingly, we must vacate the judgment and remand the case so that the court may employ the correct standard in determining whether defendant consented to the search.

*Judgment vacated and case remanded. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 16, 1998.

*Roger B. Lane, Solicitor,* for appellant.
*Randall M. Clark,* for appellee.