## A00A1598. McNEECE v. THE STATE.

(541 SE2d 696)

ELLINGTON, Judge.

Tommy Ladale McNeece stands charged with driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1); driving under the influence of alcohol with an alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (5); and habitual violator, OCGA § 40-5-58 (c). After a hearing, the trial court denied McNeece's motion to suppress. Following our grant of his application for interlocutory review, McNeece appeals, contending that his motion to suppress was technically sufficient and that the trial court erred in concluding that the traffic stop which resulted

in his arrest was legally permissible. We agree and reverse.

1. McNeece moved to suppress the results of breath, blood, or urine tests, his performance on field sobriety tests, and evidence of his refusal to submit to any test. The trial court found that McNeece's motion did not state facts showing the search and seizure were illegal and therefore failed to meet the statutory requirements for a motion to suppress. OCGA § 17-5-30 (b) provides a motion to suppress "shall be in writing and state facts showing that the search and seizure were unlawful." With respect to warrantless searches, the Supreme Court of Georgia noted

> many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search).

*Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982). In *Lavelle*, the Supreme Court held that the trial court erred in dismissing the motion for failure to "state facts" because the defendant's motion "was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." Id. In a recent decision, we applied *Lavelle* and found a motion to suppress sufficient where it contained the following information:

> facts showing the date of the search, the general location of the search (i.e., [the defendant's] vehicle), the items seized in the search, the fact that the search was conducted without a warrant, and the conclusion that the search was unsupported by probable cause or articulable suspicion.

*State v. Barnett*, 233 Ga. App. 496, 497 (1) (504 SE2d 531) (1998). McNeece's motion to suppress contained the information found to be adequate in *Barnett*. The motion was sufficient to put the State on notice that a warrantless search was involved; that the State would need as a witness at the hearing the officer of the Carroll County Sheriff's Department who stopped McNeece on Gee's Lane on October 25, 1998, and conducted the breath tests, field sobriety test, and interrogation; and that the legal issues to be resolved at that hearing included whether the warrantless stop was justified by specific and articulable facts as required by law. The trial court erred in finding that McNeece's motion failed to meet the requirements of OCGA § 17-5-30 (b). *Barnett*, 233 Ga. App. at 496-497 (1); see also *Hill v. State*, 222 Ga. App. 839-840 (2) (476 SE2d 634) (1996); com-

pare *Young v. State*, 225 Ga. App. 208-209 (1) (483 SE2d 636) (1997) (motion was insufficient because defendant failed to include information obtained at committal hearing).

2. In addition to finding McNeece's motion to suppress procedurally deficient, the trial court also denied the motion on the merits, finding the stop was based on specific and articulable facts. McNeece contends the State failed to carry its burden of proving the search was lawful. See OCGA § 17-5-30 (b); *State v. Slaughter*, 252 Ga. 435, 438 (315 SE2d 865) (1984). To be lawful, an investigative stop of a vehicle must be

> based upon specific and articulable facts that, when taken together with the rational inferences arising therefrom, provided the requisite reasonable suspicion to warrant the resulting intrusion. It is established that, in making this determination, we examine whether the detaining officer had a particularized and objective basis for reasonably suspecting that the particular individual stopped was or had been engaged in criminal activity.

(Footnotes omitted.) *Thomason v. State*, 268 Ga. 298, 301 (2) (a) (486 SE2d 861) (1997). See *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The following facts are undisputed: On October 25, 1998, at about 3:00 a.m., the arresting officer responded to a 911 call of a suspicious vehicle. A resident of Gee's Lane told the officer a white male got out of a white minivan, possibly a Ford Aerostar, knocked on the door of the residence, then left. The officer left the residence and went looking for any white van "to find out why [the driver] was at the residence, what business he had following the complainant home and just to make sure everything was okay, that there was not going to be a problem later on that night." The officer pulled over the next white minivan he saw which was three-quarters of a mile away and heading toward, rather than away from, the residence of the caller. There was no evidence that, before stopping the van, the officer veri-

fied that it was a Ford Aerostar. There was no evidence that, before stopping the van, the officer observed whether the gender and race of the driver matched the caller's description. There was no evidence that, before stopping the van, the officer observed any illegal, alarming, or suspicious conduct.

In *Vansant*, the Supreme Court of Georgia affirmed the grant of a motion to suppress on similar facts: an officer on alert for a white van allegedly involved in a hit and run stopped a white van about one mile away. 264 Ga. at 321 (2). As in this case, "[t]he officer testified he stopped the white van solely because it was a white van, and admitted that he would have stopped any white van." Id. We find, as the Supreme Court did in *Vansant*, that the evidence adduced at the suppression hearing demonstrated that "the detaining officer did not have the requisite particularized basis for suspecting the driver of this particular white van of criminal activity" and that the stop was "an unreasonable governmental intrusion." Id. Cf. *Thomason v. State*, 268 Ga. at 299, 301 (2) (a) (lookout was a 13- or 14-year-old Cutlass with distinguishing colors; before stopping vehicle, officers verified that the description matched as to the manufacturer, model, model year, body color, and top color of the car and the driver's gender and race).[1] The denial of McNeece's motion to suppress must be reversed.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 8, 2000.

*Thomason & Blackmon, Dennis T. Blackmon*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.

---

[1] See also *Buffington v. State*, 228 Ga. App. 810, 811-812 (492 SE2d 762) (1997) (although description of vehicle was general, before stopping vehicle, officer observed vehicle committing a traffic violation); *State v. Butler*, 224 Ga. App. 397, 399 (480 SE2d 387) (1997) (vehicle stopped moments after dispatch matched description as to uncommon model and direction of travel on a specific highway); *Brown v. State*, 223 Ga. App. 364, 365 (477 SE2d 623) (1996) (before stopping vehicle, officer verified that vehicle make, model, color, and tag number, driver's physical description, driver's current location and expected immediate future conduct matched information given by concerned citizen).