## A03A0386. BURRELL v. THE STATE.
(583 SE2d 521)

ADAMS, Judge.

Defendant Samuel Gregory Burrell was convicted following a bench trial of possession of a firearm by a convicted felon, carrying a concealed weapon, criminal use of an article with an altered identification mark, giving a false name, and obstruction of a law enforcement officer. He appeals, enumerating as error the denial of his motion to suppress.

As pertinent to this appeal, the evidence shows the following: Officer Thomas L. Pickens of the Gwinnett County Police Department testified that on December 3, 2001, he made a traffic stop of a vehicle in which Burrell was riding in the front passenger seat after he observed the car did not have a properly affixed license plate. A driver's license check revealed outstanding warrants for the driver, and he was placed under arrest. During this time Officers Reddy and Brewer arrived as backup. According to Pickens, the driver requested that the car be released to Burrell so Officer Reddy approached Burrell to obtain and verify his driver's license. The computer check of Burrell's license revealed that the identifying information that Burrell provided did not match the license number. Reddy informed Pickens of the discrepancy and gave the license to Pickens who ran a second check which also indicated there was a problem with the license. Pickens testified he was seated in his patrol car during this time, but that he observed Reddy conduct a pat-down search of Burrell that revealed a large butterfly knife and a martial arts weapon which was being used as a key chain. Pickens and Brewer then questioned Burrell, and he admitted to giving a false name because he knew warrants were outstanding for his arrest for probation violations. Burrell was placed under arrest, but then attempted to flee after Pickens detected a gun on his person. The officers at the scene quickly tackled Burrell to the ground and took control of the gun.

1. Burrell first contends that the State did not meet its burden of showing that the search and seizure were lawful because Officer Reddy, who had the initial encounter with Burrell, did not testify at either the motion to suppress hearing or at trial. Consequently, Burrell argues, the State failed to prove its contention that the initial encounter between Burrell and the officer was a "first-tier" police to citizen encounter involving no coercion or detention and thus outside the protections of the Fourth Amendment and the requirement of a reasonable suspicion of criminal activity. See *State v. Tollefson*, 259 Ga. App. 320, 322 (1) (b) (577 SE2d 21) (2003); *Rogers v. State*, 206 Ga. App. 654, 656-657 (1) (426 SE2d 209) (1992); *O'Donnell v. State*, 200 Ga. App. 829, 831 (1) (409 SE2d 579) (1991).

At the outset we address the State's contention that this issue

was not preserved for appellate review because it was not raised in the trial court. OCGA § 17-5-30 (b) requires a motion to suppress to be in writing and to "state facts showing that the search and seizure were unlawful." "On a motion to suppress, the State is entitled to proper notice of the issue raised or it will be deemed waived. [Cit.]" *State v. Allen*, 256 Ga. App. 798, 800 (570 SE2d 34) (2002). However, our Supreme Court has noted with respect to warrantless searches that "many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search)." *Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982). In *Lavelle*, the court concluded that the motion in that case was sufficient because it "put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at the hearing." Id.

In this case, Burrell's amended written motion stated in pertinent part as follows: "At the time of the stop or immediately thereafter, agents of the Gwinnett County Police Department also approached, questioned and unlawfully detained the Defendant who was a passenger in the vehicle. Said actions against the Defendant were taken without probable cause or articulable suspicion to believe a crime had occurred or was occurring and without specific and articulable facts. . . ." Clearly, this was sufficient to put the State on notice that Burrell was contending that the initial encounter with the officers was unlawful. It was therefore incumbent upon the State to secure the necessary witnesses to meet its burden of proof that the initial encounter was lawful. And because it was the State's burden to show the lawfulness of the initial encounter once it was sufficiently challenged by Burrell, the State's argument that Burrell should have objected to the officer's absence at the motion hearing or that Burrell should have secured the officer's presence by subpoena "to ensure the trial court received what he considered pertinent information" is misplaced. It was incumbent upon the State, not Burrell, to secure the testimony of any witness necessary to meet the State's burden.

The State also argues that the denial of the motion to suppress was proper because the officers were following proper procedure in requesting Burrell's license prior to allowing him to drive the car instead of impounding it, and that Burrell voluntarily gave his license to be checked although he could have refused and "simply walked away." This argument, however, further demonstrates that the State presented no evidence to support its contention that this was a "first-tier" police to citizen encounter outside the protections of

the Fourth Amendment. Officer Pickens admitted that he did not have any conversation with Burrell until after the second license check, and his cross-examination testimony revealed that he had no knowledge of what transpired between Officer Reddy and Burrell during their initial encounter, including whether Burrell was informed why his license was being requested, what options he had to drive or not drive the car, whether in fact he voluntarily gave his license to the officer, and whether he could have, as the State contends, simply walked away. Because there is no probative evidence of the circumstances under which Burrell relinquished his license to the officer, we find that the State did not meet its burden of showing the lawfulness of the encounter. See *Blackburn v. State*, 256 Ga. App. 800 (570 SE2d 36) (2002). The trial court thus erred in denying the motion to suppress the evidence obtained during the subsequent search of Burrell.

2. In light of our holding in Division 1, it is unnecessary for us to address Burrell's remaining enumeration of error.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 16, 2003.

*C. Alan Mullinax, Stephen W. Adkins, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney*, for appellee.