**FIRST DIVISION
BROWN, C. J.,
BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 18, 2025**

# In the Court of Appeals of Georgia

A25A1360. LOVELL v. THE STATE.

BROWN, Chief Judge.

In this interlocutory appeal, James Lovell challenges the trial court's dismissal of his motion to suppress on the grounds that it failed to include the factual showing required by OCGA § 17-5-30 (b), and that Lovell "failed to provide a notice of hearing which specified the matter to be heard," as required by local rules. For reasons explained below, we reverse.

The record shows that Lovell was issued uniform traffic citations on September 30, 2021, for driving under the influence ("DUI"), distracted driving, and failure to maintain lane. The citations were issued by an "Officer Matheson." Lovell was subsequently charged by accusation with DUI less safe (drugs), failure to maintain

lane, and distracted driving. Through counsel, Lovell filed "Consolidated Pre-Trial Motions," including a motion in limine and a motion to exclude or suppress evidence. The motions contended, in part, that on or about September 30, 2021, Lovell was detained by Officer Matheson and that Officer Matheson "did not observe [Lovell] drive in an erratic manner or commit a traffic offense. Consequently, the stop and detention of [Lovell] constituted a pre-textual stop and detention which did not provide probable cause to arrest [Lovell] for the offense of Driving Under the Influence." The motions contained legal challenges, including the lack of reasonable articulable suspicion to stop and detain Lovell, lack of probable cause, consent, or exigent circumstances to search his person and property, lack of an arrest warrant, unlawful prolonged detention, and inadmissibility of refusal evidence.

The trial court issued a criminal jury calendar call which stated, in part:

Each party and the attorney for each party who has any motion, special plea, demurrer or other matter relating to such case who wishes to have such heard shall cause a notice of hearing to be served on the other party. The notice shall specify the matter to be heard and that such will be heard at the time and place set forth above. . . . ANY SUCH MATTER NOT SO BROUGHT FOR HEARING SHALL BE DEEMED ABANDONED OR WAIVED.

2

Lovell was ordered to appear before the trial court on August 21, 2023 at 9:00 a.m. for "MOTIONS/PLEAS/STATUS." On August 4, Lovell filed an announcement for calendar call, "announcing ready for trial, pending motions. Defendant has filed motions in this case and would request they be heard prior to trial." On the same day, Lovell filed a "Notice of Hearing" for the parties to appear on August 21, 2023, at 9:00 a.m., "for the State to specifically show cause as to why [the trial court] should not grant the Defendant's Motions which have been filed."

Subsequently, the trial court filed a notice of calendar call for March 4, 2024. Lovell again announced ready for the March 4 calendar call and filed an identical "Notice of Hearing" for March 11, 2024. The State filed a motion to reschedule the March 11 hearing, and a motion to require Lovell to specify which of its nine "boiler plate . . . not particularized" motions were to be heard. The trial court issued an order denying the State's motion to require the defense to specify which motions would be heard, instructing the State to (1) "[c]ontact [Lovell's] Counsel to further negotiate the case to include which motions the Defense wants heard" and (2) "[p]repare for said hearing on [Lovell's] motions or request a Continuance of the motions hearing

with a good reason." The parties then filed a consent motion to continue the motions hearing and continue the case from the trial calendar, which the trial court granted.

In May 2024, the trial court issued a calendar call. Lovell announced ready for trial and "pending motions," and again filed a "Notice of Hearing" for August 5, 2024, at 9:00 a.m., for the State to show cause as to why the trial court should not grant Lovell's motions. The State filed an identical motion to require Lovell to specify which motions would be heard. The State also filed a Notice of Hearing for August 5, to hear the State's "Motion to Require Defense to Specify Which Motions to Be Heard."

At the hearing, the State then stated it was asking the trial court to *dismiss* Lovell's motions because it did not receive sufficient notice of hearing in that it only "referenced the defense's motions" and did not specify which motions or issues would be heard. The State then argued that to the extent there was a motion to suppress, it was a "boiler plate motion" insufficient under OCGA § 17-5-30. The trial court agreed and dismissed Lovell's consolidated pre-trial motions on August 26, 2024, for "lack of notice and lack of particularity." Specifically, the trial court noted that Lovell "failed to provide a notice of hearing which specified the matter to be

heard" and that his motion to suppress lacked "any specifics to the current case and merely recites legal conclusions," "fails to put the State on notice of the issues to be decided and which witnesses to bring," and thus failed to comply with OCGA § 17-5-30. The court "specifically note[d]" that "the motions repeatedly refer to a traffic stop when this case involved no traffic stop."[1] There was no mention of the the trial court's prior order instructing the State to confer with defense regarding the motions to be heard. Lovell subsequently filed a motion for reconsideration, which the trial court denied. On the same day, the trial court issued a certificate of immediate review from its order, and this Court granted Lovell's application for interlocutory appeal.

1. Relying on *Cochran v. State*, 371 Ga. App. 391 (900 SE2d 213) (2024), Lovell argues that the trial court erred in dismissing his motion to suppress as not sufficiently particularized under OCGA § 17-5-30 (b) because his motion was "almost identical to the motion which was raised in *Cochran* . . . ." We agree.

"When a defendant files a motion seeking suppression of items allegedly seized unlawfully, OCGA § 17-5-30 (b) requires the defendant to state in the motion why the search and seizure were unlawful so as to afford notice of the legal issues which will

---

[1] During the hearing, the parties agreed this was a wreck rather than a traffic stop.

be before the trial court." (Citation and puctuation omitted.) *State v. Alford*, 347 Ga. App. 208, 212 (2) (818 SE2d 668) (2018). See also OCGA § 17-5-30 (b) ("The motion shall be in writing and state facts showing that the search and seizure were unlawful."). In cases involving warrantless searches, such as the one at hand,

> the factual showing required by OCGA § 17-5-30 need not be made in great detail, because in such cases many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search). In such cases, motions to suppress are held sufficient if they put the [S]tate on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing.

(Citation and punctuation omitted.) *Cochran*, 371 Ga. App. at 392.

Here, as in *Cochran*, Lovell sufficiently put the State on notice that he was challenging his detention and arrest for DUI insofar as his motion contained the date of the detention and arrest, the name of the trooper who detained him, facts that the trooper did not see him commit an offense or have an arrest warrant, and specific conclusions that his detention and arrest were unsupported by articulable suspicion

6

and probable cause.[2] Such facts belie the trial court's finding that Lovell's motion failed to articulate "*any* specifics to the current case." (Emphasis supplied.) See *Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982); *Hill v. State*, 222 Ga. App. 839, 839-840 (2) (476 SE2d 634) (1996).

The State contends that in parts of his motion, Lovell merely states "the police," leaving the State to guess at which witnesses might be needed for a hearing. But the motion identifies Officer Matheson as the officer unlawfully detaining and arresting Lovell. And to the extent other officers were involved in Lovell's detention and arrest, the State was on notice that their testimony could be required; Lovell was not required to identify each officer by name. See, e.g., *McNeece v. State*, 246 Ga. App.

---

[2] The State argues that *Cochran* is distinguishable because "the motions in this case repeatedly refer to a traffic stop when this case involved no traffic stop" and thus the motion failed to put the State on notice of the legal issues to be decided. While the motion does refer to a traffic stop, it also alleges that Lovell was unlawfully detained and searched. Compare *State v. Gomez*, 266 Ga. App. 423, 425 (2) (597 SE2d 509) (2004) (motion to suppress in traffic-stop case "was so grossly inapplicable to the facts of this case that it did not reasonably put the State on notice as to its nature and scope"; it identified the wrong legal issues to be addressed at the hearing, including asserting that officers violated defendant's constitutional rights when they searched his home, and nothing in the motion to suppress indicated that defendant was challenging the legal basis for the traffic stop).

The State alternatively argues that we should overrule *Cochran*. We see no reason to do so.

720, 721 (1) (541 SE2d 696) (2000) (motion to suppress sufficiently apprised the State that it would need as a witness the unidentified officer of the Carroll County Sheriff's Department who stopped the defendant, and conducted the breath tests, field sobriety test, and interrogation); *State v. Barnett*, 233 Ga. App. 496, 496-497 (1) (504 SE2d 531) (1998) (concluding that motion to suppress was sufficient where motion contained adequate negative facts, even though motion did not identify number of officers involved with search). In sum, it was error for the trial court to dismiss Lovell's motion to suppress.

2. The trial court also dismissed Lovell's motion because he "failed to provide a notice of hearing which specified the matter to be heard," as required by a local rule. The exact text of the local rule at issue is unknown to this Court, but Lovell states in his brief that in "Union County, Georgia there is a local rule in which all parties have to preserve all matters and the failure to follow the local rule SHALL result in the waiver and abandonment of the matter to be heard." (Emphasis in original.) According to Lovell, this rule is only "enforced against [criminal] defendants and not the State." Lovell asserts that he complied with the rule by specifying that all of his pre-trial motions would be heard.

Uniform Superior Court Rule 1.2 (B) provides that a court "may continue to maintain practices and standing orders to regulate the internal processes of the court . . . which relate only to internal procedure and which do not affect the rights of any party substantially or materially, either to unreasonably delay or deny such rights." "The rules of the respective courts, legally adopted and not in conflict with the Constitution of the United States or of this state, or the laws thereof, are binding and must be observed." OCGA § 15-1-5. "However, if the application of the local court rule contravenes a statute, the local rule must yield to the statute." *Gilbert v. Decker*, 165 Ga. App. 11, 12 (299 SE2d 65) (1983).

Here, Lovell's notice of hearing specified that the matters to be heard were his pretrial motions previously filed. Because Lovell's motion to suppress was sufficiently particularized under OCGA § 17-5-30 (b), and he otherwise substantially complied with the local rule's notice requirements, the trial court likewise erred in dismissing his motion on this basis, thereby foreclosing his right to challenge the legitimacy of his detention and arrest. Further, once Lovell filed a sufficiently particularized motion to suppress, the burden was on the State to show that the warrantless search was lawful. See *State v. Kuhnhausen*, 289 Ga. App. 489, 491 (2) (657 SE2d 592) (2008). And,

9

OCGA § 17-5-30 (b) "mandates . . . that the parties be given a full and fair opportunity to present evidence at a hearing, which the trial court shall then receive." (Emphasis omitted.) *Watts v. State*, 261 Ga. App. 230, 235 (3) (582 SE2d 186) (2003) (physical precedent only). It was error for the trial court to dismiss Lovell's motion to suppress for failure to comply with a local rule that contravenes a statute. See, e.g., *Premium Distributing Co. v. Natl. Distributing Co.*, 157 Ga. App. 666, 669 (2) (278 SE2d 468) (1981) ("We find that the requirement that litigants seek a hearing or waive it and the investment of the trial court with discretion to deny to parties a right granted by statute contravenes the procedure established by the Civil Practice Act. That may not be done by local court rules.").

*Judgment reversed. Barnes, P. J., and Watkins, J., concur*.