A00A2430, A00A2431. DEAN v. THE STATE (two cases).
(540 SE2d 246)

PHIPPS, Judge.

Accusations were filed charging David Wendell Dean with possession of marijuana with intent to distribute on two separate dates within one month of each other. Dean filed virtually identical motions to suppress in each case.

Each motion alleged that on or about the date set forth in the accusation, Dean was approached, questioned, unlawfully detained, and arrested by (unnamed) law enforcement officers; that these actions were taken without probable cause and without specific and articulable facts reasonably warranting an investigatory stop under *Terry v. Ohio*;[1] that incident to each stop he was frisked and a small bag allegedly containing marijuana was taken from the front pocket of his jacket; and that each frisk was conducted without his consent or probable cause.

At a consolidated hearing on the motions, the prosecuting attorney moved that both motions be dismissed on the ground that they do not comply with that part of OCGA § 17-5-30 (b) requiring that a motion to suppress "state facts showing that the search and seizure were unlawful." As authority, the State relied on *Rouse v. State*.[2] The trial court subsequently entered orders dismissing both motions. We granted Dean's applications for discretionary appeal. For the reasons which follow, we find that the motions are sufficient and should not have been dismissed.

---

[1] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).
[2] 241 Ga. App. 167 (526 SE2d 360) (1999).

In cases involving warrantless searches, the factual showing required by OCGA § 17-5-30 need not be made in great detail, because in such cases "many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search)." [Cit.] In such cases, motions to suppress are held sufficient if they "put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing."[3]

Fairly read, Dean's motions to suppress established the type of searches (*Terry* stops and frisks) and identified the legal issues raised (whether the stops and frisks were authorized by reasonable suspicion and whether the resulting arrests were supported by probable cause). Did the suppression motions put the State on notice as to the witnesses whose testimony was required? For essentially two reasons, we conclude that they did. To begin with, the transcript of the hearing on the motions shows that the State did bring law enforcement officers to testify. Moreover, the State did not argue at the hearing that deficiencies in the motions left it unable to ascertain the identity of needed witnesses. Therefore, failure of the motions to identify the officers conducting the stops and frisks, and to more fully detail the attendant facts, was not fatal to the sufficiency of the motions.[4]

The State's reliance on *Rouse* is misplaced, because that decision is not binding as it is a physical precedent only.[5]

*Judgments reversed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 4, 2000.

*Charles A. Mullinax*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney*, for appellee.

---

[3] *Young v. State*, 225 Ga. App. 208-209 (1) (483 SE2d 636) (1997).
[4] See *Lavelle v. State*, 250 Ga. 224, 226 (3) (297 SE2d 234) (1982); *State v. Barnett*, 233 Ga. App. 496 (1) (504 SE2d 531) (1998); see also *Hill v. State*, 222 Ga. App. 839 (2) (476 SE2d 634) (1996); compare *Wallin v. State*, 248 Ga. 29 (1) (279 SE2d 687) (1981); *Boatright v. State*, 192 Ga. App. 112, 117 (8) (385 SE2d 298) (1989).
[5] See Court of Appeals Rule 33 (a).