**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 5, 2013**

# In the Court of Appeals of Georgia

A12A2139. JONES v. THE STATE.

MILLER, Presiding Judge.

Following a bench trial, Conrad Jones was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1)) and failure to maintain lane (OCGA § 40-6-48). Jones appeals, contending that (i) the trial court erred in denying his motion to suppress the cocaine found during the search of his car, and (ii) that the evidence was insufficient to sustain the cocaine trafficking conviction since the cocaine substance was wet when tested. We discern no error and affirm.

1. Jones first challenges the denial of his motion to suppress, arguing that the drug evidence was obtained as a result of an unlawful search conducted without probable cause.

On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on conflicting evidence should not be disturbed if there is any evidence to support them, and its decisions regarding questions of facts and credibility must be accepted unless clearly erroneous.

(Citation and punctuation omitted.) *Warren v. State*, 314 Ga. App. 477, 481 (3) (724 SE2d 404) (2012). So viewed, the evidence shows that on July 28, 2010, at approximately 1:50 a.m., a City of Social Circle police officer observed the car driven by Jones on an interstate highway in Walton County. The officer observed Jones's car failing to maintain its lane and "nearly running off the roadway[.]" After observing the traffic violation, the officer stopped Jones's car.

Upon approaching Jones's car, the officer smelled the odor of burnt and raw marijuana emitting from the car. The officer testified that he was able to recognize the smell of marijuana based upon his training and experience in law enforcement. The officer asked Jones about the odor that he had detected, and Jones admitted that he had smoked a marijuana blunt earlier that day.

Based upon these facts, the officer decided to search Jones's car for marijuana. Although the officer continued to smell the odor of raw marijuana, he was unable to

2

locate any marijuana inside the car. The officer then proceeded to search the car's trunk. During the search of the trunk, the officer found the package containing cocaine.

Jones argues that the cocaine evidence should have been suppressed because the officer lacked probable cause to conduct the warrantless search of his car. We disagree. "The 'automobile exception' to the warrant requirement of the Fourth Amendment applies to the search of a vehicle when probable cause exists to believe it contains contraband." (Citation and punctuation omitted.) *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). The fact that the officer detected the odor of marijuana emitting from Jones's car provided probable cause to believe that the car contained drug contraband, which authorized the search of the car. See *Warren*, supra, 314 Ga. App. at 483 (3); *Williams v. State*, 273 Ga. App. 637, 638-639 (1) (615 SE2d 789) (2005); see also *Durden v. State*, 199 Ga. App. 397, 398-399 (405 SE2d 50) (1991) (applying the automobile exception and ruling that "[p]robable cause authorized the agent to search every part of the vehicle which might have concealed [the drug contraband], including the trunk and closed containers[.]") (citations, punctuation, and footnote omitted).

Jones argues that the officer's uncorroborated claim that he smelled marijuana was merely pretextual, and he points to inconsistencies in the officer's testimony as to whether the odor detected was of burnt or raw marijuana. This challenge to the officer's credibility is meritless. The alleged inconsistencies in the officer's testimony at the preliminary and motion to suppress hearings presented a matter of the officer's credibility. See, e.g., *Leach v. State*, 143 Ga. App. 598, 600 (2) (239 SE2d 177) (1977). Notwithstanding the attempted impeachment and the absence of corroboration of the officer's testimony, it was for the trial court, sitting as finder of fact in ruling on the motion to suppress, to determine the credibility of the officer's testimony. See, e.g., id. ("Where there is an attempt to impeach a witness by proof of contradictory statements, the [finder of fact] may believe his evidence notwithstanding attempted impeachment and in absence of corroboration.") (citation and punctuation omitted); *Warren*, supra, 314 Ga. App. at 482 (3). Accordingly, the trial court was authorized to find that the officer gave credible testimony that he smelled both burnt and raw marijuana emitting from the car, which provided probable cause for the search.

2. Jones also argues that the evidence was insufficient to sustain his cocaine trafficking conviction. In this regard, Jones contends that the evidence failed to

establish that the substance was 28 grams or more of cocaine since the substance was wet when tested. Again, Jones's argument is unavailing.

A forensic chemist with the Georgia Bureau of Investigation crime lab testified that the substance in the package had a net weight of approximately 37.79 grams, and contained cocaine having a purity of 34.6 percent. The forensic chemist noted that the solid cocaine substance was mixed with a wet liquid, which could have been water or excess solvent from the manufacturing of the cocaine. She further explained that the testing process would take into account the liquid mixture, which affected the purity of the cocaine substance. The forensic chemist confirmed that upon testing, the mixture included cocaine with a purity of 34.6 percent.

OCGA § 16-13-31 (a) (1) provides that a person commits the offense of trafficking in cocaine when he knowingly possesses "28 grams or more of cocaine *or of any mixture* with a purity of 10 percent or more of cocaine[.]" (Emphasis supplied.) Since the evidence showed that the mixture in Jones's possession weighed 37.79 grams and had a purity of 34.6 percent of cocaine, Jones's conviction was authorized. See *Godett v. State*, 205 Ga. App. 545, 546 (2) (423 SE2d 34) (1992) (explaining that the cocaine trafficking statute makes it illegal to possess any mixture containing

cocaine with a purity greater than 10 percent); see also *Quinn v. State*, 171 Ga. App. 590, 593 (8) (a) (320 SE2d 827) (1984).

*Judgment affirmed. Ray and Branch, JJ., concur.*