**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A2401. FOSTER v. THE STATE

BARNES, Presiding Judge.

Following the denial of her motion to suppress, Deloris Foster was convicted by a jury of trafficking in methylenedioxymethaphetamine (MDMA or Ecstasy) and possession of more than an ounce of marijuana. The trial court denied her motion for new trial, and she appeals, arguing that the trial court erred in denying her motion to suppress and that without the evidence obtained from an illegal search, the evidence was insufficient to convict her. Because the arresting officer had probable cause to search Foster's car, the trial court did not err in denying Foster's motion, and we affirm.

1. When reviewing a ruling on a motion to suppress, we accept a trial court's findings as to disputed facts unless the findings are clearly erroneous, but if the

evidence is uncontroverted and no issue of witness credibility exists, we review de novo the trial court's application of the law to the facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). When reviewing such a ruling, we may consider trial testimony and testimony adduced at a post-conviction hearing in addition to the testimony submitted during the pretrial motion to suppress hearing. See *Sanders v. State*, 235 Ga. 425, 431-432 (II) (219 SE2d 768) (1975), superceded in part by statute on other grounds as noted in *State v. Dempsey*, 290 Ga. 763, 765 (1) (727 SE2d 670) (2012). See also *Grimes v. State*, 303 Ga. App. 808, 809 (1) (695 SE2d 294) (2010).

In this case, Foster contends that the contraband on which her convictions were based was discovered during an invalid warrantless search.

> Searches are conducted either with or without a search warrant. The most basic constitutional rule in this area is that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions. The exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative.

(Citations and punctuation omitted.) *State v. Slaughter*, 252 Ga. 435, 436 (315 SE2d 865) (1984). The State bears the burden of demonstrating the legality of the search. *State v. Massa*, 273 Ga. App. 596, 597 (615 SE2d 652) (2005).

In this case, Foster was a passenger in a car that a police officer stopped for a traffic violation. The driver was arrested when the officer determined that a bench warrant was outstanding for his arrest. The officer immediately searched the car incident to the driver's arrest and found Foster's open pocketbook from which a clear bag containing marijuana was sticking out. The visible marijuana prompted the officer to search the contents of the purse, where he found MDMA. Foster was arrested, tried, and convicted of trafficking in MDMA and possession of more than an ounce of marijuana.

When Foster was arrested and tried, constitutional jurisprudence provided that the warrantless search of a vehicle incident to an occupant's arrest did not violate the Fourth Amendment under *New York v. Belton*, 453 U. S. 454, 460 (101 SCt 2860, 69 LE2d 768) (1981) and its progeny. While Foster's motion for new trial was pending, however, the Supreme Court of the United States issued its decision in *Arizona v. Gant*, 556 U. S. 332 (129 SCt 1710, 173 LE2d 485) (2009). The Supreme Court in *Gant* limited the search-incident-to-arrest exception to those situations where "the

3

arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or where "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." (Citation and punctuation omitted.) *Gant*, 556 U. S. at 343 (III).

The State concedes that the search in this case was not authorized as a search incident to arrest under the parameters set forth in *Gant.* The State argues, however, that the contraband would have been inevitably discovered either during a valid inventory search before the car was impounded, or during a search based on probable cause because the officer smelled marijuana in the car.

> Under the inevitable discovery doctrine, if the State can prove by a preponderance of the evidence that evidence derived from police error or illegality would have been ultimately or inevitably discovered by lawful means, then the evidence is not suppressed as fruit of an impermissible search or seizure. In other words, there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were possessed by the police and were being actively pursued prior to the occurrence of the illegal conduct.

(Citations and punctuation omitted.) *Schweitzer v. State*, ___ Ga. App. ___ (Case No. A12A2222, decided Feb. 21, 2013) (evidence of contraband found in arrested

4

defendant's purse admissible because discovery inevitable due to valid practice of inventorying personal possessions upon booking).

Pretermitting whether the trial court erred in holding that the arresting officer would inevitably have impounded the car, we conclude that the evidence supports the trial court's conclusion that the drugs would inevitably have been discovered. The officer testified that he smelled marijuana when the driver first got out of the car. At the post-trial motion to suppress hearing, the officer also testified that he had smelled marijuana when he first approached the car, and testified regarding his expertise in recognizing the odor. "[A] trained police officer's perception of the odor of . . . marijuana, provided his ability to identify that odor is placed into evidence, constitutes sufficient probable cause to support the warrantless search of a vehicle." *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999). Thus, the trial court correctly concluded that the arresting officer had probable cause to search the vehicle based on smelling marijuana, and that the search inevitably would have led to the discovery of the contraband in Foster's purse. Accordingly, the trial court did not err in denying Foster's motion to suppress or for a new trial.

2. Based on the properly admitted evidence, including the evidence of the legally seized contraband, the jury was authorized to convict Foster of the crimes charged.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*