**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 24, 2018**

# In the Court of Appeals of Georgia

A18A0939. THE STATE v. ALFORD.

BARNES, Presiding Judge.

After arresting Tramain Rashade Alford, a police officer searched a backpack found on the floorboard of the vehicle in which Alford was a passenger and discovered illegal drugs. Alford was charged with possession of cocaine and possession of less than one ounce of marijuana, and he filed a motion to suppress all evidence recovered during the search. Alford contended, among other things, that the arresting officer did not have probable cause to detain him and that all evidence seized as a result of his unlawful detention should be excluded from evidence at trial. Following a hearing, the trial court granted the motion to suppress. The trial court pointed out that the officer testified that he arrested Alford for violating an open container ordinance, but the State failed to produce a certified copy of the ordinance

at the hearing. Consequently, the trial court ruled that the ordinance could not serve as a basis for justifying Alford's arrest and the subsequent search. The State now appeals, contending that the trial court erred in granting Alford's motion to suppress. For the reasons discussed below, we vacate the judgment and remand with direction.

> On review of a motion to suppress, we apply these principles: First, the trial judge's findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. Fourth, we review questions of law de novo.

(Citations and punctuation omitted.) *Reyes v. State*, 334 Ga. App. 552, 552 (1) (780 SE2d 674) (2015). See *Miller v. State*, 288 Ga. 286, 286-288 (1) (702 SE2d 888) (2010). Guided by these principles, we turn to the transcript of the hearing on Alford's motion to suppress.

The transcript reflects that on the morning of June 26, 2014, two patrol officers with the Warner Robins Police Department were dispatched to a neighborhood where a city code enforcement officer had observed two men drinking alcohol in a vehicle

2

parked in the road. According to one of the officers, when he approached the open driver's side window of the parked vehicle, he smelled alcohol and burnt marijuana. The other officer testified that when he approached the open front passenger window, he saw two open beers and smelled burnt marijuana. Upon seeing the open beers, the officer on the passenger side asked who was drinking alcohol inside the vehicle, and Alford, who was in the front passenger seat, admitted that he had been drinking the beer next to him. At that point, the officer arrested Alford for violating the city's open container ordinance. Both officers testified that they then searched the vehicle because of the odor of marijuana coming from it.

During the search of the vehicle, the arresting officer found a backpack on the front passenger floorboard where Alford had rested his feet. The arresting officer asked Alford whether the backpack belonged to him. Alford answered in the affirmative and further responded that the cocaine and marijuana inside the backpack were his as well. The arresting officer opened the backpack and discovered a plastic bag of marijuana, a plastic bag of cocaine, and a small digital scale. The officers also found a "bunch of ash in the car," but no "burnt roaches, blunts or anything like that."

Based on the drugs found during the search of the backpack, Alford was charged with possession of cocaine and possession of less than an ounce of

marijuana. He filed a motion to suppress all evidence seized during the search, contending, among other things, that the arresting officer did not have probable cause that he had committed an ordinance violation or other offense and that, as a result, the evidence subsequently seized by the officer was inadmissible at trial. The trial court thereafter conducted a hearing where the two patrol officers testified to events as set out above. After the State presented the officers' testimony and rested, Alford argued, among other things, that because the State had failed to tender a certified copy of the open container ordinance, the ordinance could not serve as the basis for his arrest and the subsequent search of the backpack. The State did not seek to reopen the evidence to tender a certified copy of the ordinance, but instead argued that Alford's arrest and the search nevertheless were justified because the officers had smelled marijuana.

The trial court granted Alford's motion to suppress. The court explained why it was excluding the drugs seized from the backpack: "According to the arresting officer, the basis for the arrest was a violation of the open container ordinance; however, at the hearing the State failed to produce a certified copy of that ordinance.

Therefore, the ordinance may not serve as a basis for upholding the arrrest and subsequent search."[1] This appeal by the State followed.

1. The State first contends that Alford, as a passenger in the vehicle, lacked standing under the Fourth Amendment to challenge the search of the vehicle where his backpack was found, and that his motion to suppress should have been denied on that basis. We disagree.

"[R]ights under the Fourth Amendment are personal, and in order to challenge the validity of a government search an individual must actually enjoy the reasonable expectation of privacy, that is, the individual must have standing. Thus, demonstrating standing is a threshold burden for suppression of the evidence." (Citations omitted.) *Hampton v. State*, 295 Ga. 665, 669 (2) (763 SE2d 467) (2014). Alford met that burden with respect to the backpack that was searched by the officers.

Irrespective of whether Alford had a privacy interest in the vehicle in which he was a passenger, he had a reasonable expectation of privacy in the searched backpack,

---

[1] The trial court also suppressed Alford's statements to the officer after his arrest that the backpack and drugs inside it belonged to him because Alford had not been advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). The State does not appeal the trial court's suppression of Alford's post-arrest statements.

given that it was found on the passenger side floorboard and Alford told the officer that it belonged to him. As we have explained:

> It is apparent beyond doubt that society is prepared to accept as reasonable that both vehicle owners and their authorized passengers may carry bags and parcels with them into the automobile; it is further our view that society is prepared to recognize a right of privacy in the contents of those closed packages and bags, which legitimate passengers and vehicle owners carry with them into the vehicle at least to the extent of vesting the passenger or owner with lawful authority to assert a violation of Fourth Amendment rights due to an illegal search or seizure of those objects.

(Citation and punctuation omitted.) *Bowen v. State*, 210 Ga. App. 348, 349 (1) (436 SE2d 76) (1993). Accordingly, Alford had standing to challenge the validity of the search of the backpack. See *State v. Hall*, 229 Ga. App. 194, 197 (2) (b) (493 SE2d 718) (1997) (passenger had standing to challenge search of bag containing his clothing that was seized from car trunk); *Bowen*, 210 Ga. App. at 349 (1) (passenger had standing to challenge search of her purse found in car); *State v. Corley*, 201 Ga. App. 320, 322-323 (411 SE2d 324) (1991) (physical precedent only) (passenger had standing to challenge search of closed drawstring bag found within his arm reach in car, where passenger claimed ownership of the bag and the contraband in it).

6

Compare *Keishian v. State*, 202 Ga. App. 718, 719-720 (415 SE2d 324) (1992) (passenger did not have reasonable expectation of privacy in plastic bags of cocaine found on floor behind passenger seat, because mere assertion of ownership in seized contraband insufficient to confer standing).

2. The State next contends that the motion to suppress filed by Alford did not provide sufficient notice to the State that he would challenge the State's failure to produce a certified copy of the open container ordinance at the suppression hearing. Consequently, the State argues that Alford waived such a challenge and that the trial court thus erred in concluding that the State was required to tender a certified copy of the open container ordinance to establish the validity of Alford's arrest based on that ordinance. Again, we disagree.

"When a defendant files a motion seeking suppression of items allegedly seized unlawfully, OCGA § 17-5-30 (b) requires the defendant to state in the motion why the search and seizure were unlawful so as to afford notice of the legal issues which will be before the trial court." (Citation and punctuation omitted.) *Glenn v. State*, 288 Ga. 462, 465 (2) (a) (704 SE2d 794) (2010).[2]

---

[2] OCGA § 17-5-30 (b) provides:
The motion shall be in writing and state facts showing that the search and seizure were unlawful. The judge shall receive evidence out of the

7

In cases involving warrantless searches, the factual showing required by OCGA § 17-5-30 need not be made in great detail, because in such cases many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search). In such cases, motions to suppress are held sufficient if they put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing.

(Citation, punctuation, and footnote omitted.) *Dean v. State*, 246 Ga. App. 263, 264 (540 SE2d 246) (2000). See *Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982).

Here, the State maintains that Alford's written motion to suppress failed to provide it with sufficient notice that one of the legal issues at the suppression hearing would be whether the State had established a lawful arrest through the tender of a

---

presence of the jury on any issue of fact necessary to determine the motion; and the burden of proving that the search and seizure were lawful shall be on the state. If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant in any trial.

certified copy of the open container ordinance. But, Alford's motion to suppress stated in relevant part:

> The Defendant shows that on or about June 26, 2014, he was illegally detained and charged with the above-stated [drug] offenses in violation of OCGA § 17-4-20[3] in that the arresting officer did not have probable cause to believe that the defendant was guilty of any crime, offense, or ordinance.

And, in its written response to Alford's motion to suppress, the State challenged the adequacy of the motion but acknowledged that Alford was claiming that "he was illegally arrested" and that the "arresting officer did not have probable cause." Under these circumstances, the State had notice that Alford was challenging his arrest on June 26, 2014, and that one of the legal issues at the suppression hearing would be whether there was probable cause to arrest him for violating an ordinance or other law.

Where a defendant challenges the legality of his arrest, and the State relies on an ordinance to justify the arrest, the State must introduce a certified copy of the

---

[3] OCGA § 17-4-20 addresses the circumstances under which an arrest can be made by a law enforcement officer, including a warrantless arrest where an "offense is committed in such officer's presence or within such officer's immediate knowledge." OCGA § 17-4-20 (b) (2) (A).

ordinance at the suppression hearing. *LaRue v. State*, 137 Ga. App. 762, 762-763 (1) (224 SE2d 837) (1976) (whole court). As we have explained, "[w]here such an ordinance is relied on, it must be pleaded and proved in the trial court, and absent a properly admitted copy of the ordinance, neither the trial court nor this court may take judicial notice of its existence." (Punctuation and footnote omitted.) *Lucas v. State*, 284 Ga. App. 450, 451 (644 SE2d 302) (2007). And, prosecutors are presumed to know the law. *Billups v. State*, 228 Ga. App. 804, 806 (1) (b) (493 SE2d 8) (1997). See *Felton v. State*, 93 Ga. App. 48, 49-50 (1) (90 SE2d 607) (1955) ("Everyone is presumed to know the law, of which the rules of evidence are a part," and the presumption apples to "both lawyers and judges."). Accordingly, given that the State had notice before the suppression hearing that Alford was challenging the legality of his arrest, the State was on notice that it had to introduce competent evidence to prove the legality of that arrest at the hearing, which in this context meant a certified copy of the open container ordinance.

3. Lastly, the State contends that even if it failed to prove the lawfulness of Alford's arrest based on an open container ordinance violation, the officer's search of the backpack in the vehicle was not tainted by the unlawful arrest and should not have been suppressed as fruit of the poisonous tree. In this regard, the State maintains

10

that the officers already had probable cause to search the backpack in the vehicle,

pursuant to the automobile exception to the warrant requirement, based on the smell

of marijuana they had detected coming from the vehicle when they approached it,

separate and apart from Alford's arrest.[4]

"Under the automobile exception to the warrant requirement imposed by the

Fourth Amendment, a police officer may search a car without warrant if he has

probable cause to believe the car contains contraband, even if there is no exigency

preventing the officer from getting a search warrant." (Citation and punctuation

omitted.) *Shell v. State*, 315 Ga. App. 628, 631 (2) (727 SE2d 243) (2012). Applying

this exception, our Supreme Court and this Court have held that where a trained

police officer detects the odor of burning or burnt marijuana coming from a vehicle,

---

[4] The State does not argue on appeal that the officers' testimony that they smelled marijuana coming from the vehicle provided probable cause to arrest Alford. See *Caffee v. State*, __ Ga. __ (2) (b) (814 SE2d 386, 392-393) (2018) ("Many appellate courts, this one included, have concluded that a police officer has probable cause to search when that officer, through training or experience, detects the smell of marijuana. But . . . probable cause to search is not the same as probable cause to arrest. To have probable cause to arrest, additional factors must be present to show that a particular person is the source of the odor; that is, the arresting officer must have probable cause to believe that a particular person smells of marijuana because he is in possession of it.") (citations and punctuation omitted).

the officer has probable cause to conduct a warrantless search of the vehicle, provided that the officer's ability to identify the odor is placed into evidence. See *Douglas v. State*, 303 Ga. 178, 182 (2) (811 SE2d 337) (2018); *Jones v. State*, 319 Ga. App. 678, 679 (1) (738 SE2d 130) (2013); *Williams v. State*, 273 Ga. App. 637, 639 (1) (615 SE2d 789) (2005); *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999) (whole court). Such a search can encompass "every part of the vehicle which might have concealed the drug contraband, including the trunk and closed containers." (Citation and punctuation omitted.) *Jones*, 319 Ga. App. at 679 (1). See *Shell*, 315 Ga. App. at 631 (2) ("[W]hen there is probable cause to search for contraband in a car, it is reasonable for police officers to examine packages and containers without a showing of individualized probable cause for each one.") (citations and punctuation omitted).

The present case involves the interplay between the aforementioned principles relating to the search of a car for drug contraband and the "fruit of the poisonous tree" doctrine. "Where there is no legal justification for [an] arrest, its unlawful fruits may not be introduced in evidence." *Moore v. State*, 155 Ga. App. 299, 300 (3) (270 SE2d 713) (1980). See *Taylor v. State*, 127 Ga. App. 409, 410 (1) (193 SE2d 876) (1972) (whole court) ("the fruits of an illegal arrest are not admissible in evidence against a

12

defendant"). But, seized contraband is not "fruit of the poisonous tree" merely because it would not have been found but for the unlawful arrest. See *Wong Sun v. United States*, 371 U.S. 471, 488 (III) (83 SCt 407, 9 LE2d 441) (1963); *State v. Cooper*, 260 Ga. App. 333, 336 (2) (579 SE2d 754) (2003). "Rather, the more apt question in such a case is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun*, 371 U.S. at 488 (III). See *Cooper*, 260 Ga. App. at 336 (2).

Furthermore, even where contraband could not be properly seized from a vehicle as incident to an arrest, the contraband is not fruit of the poisonous tree, if the contraband would have been inevitably discovered "during a search based on probable cause because the officer smelled marijuana in the car." *Foster v. State*, 321 Ga. App. 118, 119 (1) (741 SE2d 240) (2013).

> Under the inevitable discovery doctrine, if the State can prove by a preponderance of the evidence that evidence derived from police error or illegality would have been ultimately or inevitably discovered by lawful means, then the evidence is not suppressed as fruit of an impermissible search or seizure. In other words, there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that

13

the lawful means which made discovery inevitable were possessed by the police and were being actively pursued prior to the occurrence of the illegal conduct.

(Citation and punctuation omitted.) Id. at 119-120 (1) (upholding trial court's conclusion that drugs found in purse in car in which defendant was passenger would have been inevitably discovered by officer, who "testified that he had smelled marijuana when he first approached the car, and testified regarding his expertise in recognizing the odor").

Here, upon finding that the State had failed to tender the open container ordinance, the trial court concluded that "the ordinance may not serve as a basis for upholding the arrest and subsequent search." However, the trial court did not go on to address and rule on whether the drugs discovered during the subsequent search of the backpack in the vehicle constituted tainted fruit of the arrest based on the officers' testimony regarding the smell of marijuana. In this regard, we note that in its order, the trial court, as part of its summary of the testimony at the suppression hearing, pointed out that the arresting officer "stated that he had smelled the odor of burnt marijuana" before searching the vehicle and finding the backpack where the drugs were discovered. However, the trial court did not further state in its order whether it

14

credited the officer's testimony regarding the odor and did not address whether the officer was qualified to make such a determination. Nor did the trial court address the "fruit of the poisonous tree" doctrine after concluding that the State failed to prove the legality of Alford's arrest.

Under these circumstances, we vacate the judgment and remand the case to the trial court to address the application of the "fruit of the poisonous tree" doctrine in the first instance. See *Causey v. State*, 334 Ga. App. 170, 175 (3) (778 SE2d 800) (2015) (vacating and remanding for trial court to consider in first instance whether seized methamphetamine was fruit of the poisonous tree). See generally *State v. Kazmierczak*, 331 Ga. App. 817, 822 (771 SE2d 473) (2015) (whole court) (whether probable cause existed to search based on an odor involves determining whether "the officer was qualified to recognize the odor based on his or her training and experience, whether the officer was able to determine the particular location where the odor was originating from, and whether the officer detected the odor from a place where he or she was legally entitled to be"); *Jones*, 319 Ga. App. at 679 (1) (whether to credit officer's uncorroborated testimony that he smelled marijuana emitting from

the car "was for the trial court, sitting as the trier of fact in ruling on the motion to suppress," to determine).

*Judgment vacated and case remanded with direction. McMillian and Reese, JJ., concur.*