**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 19, 2020**

# In the Court of Appeals of Georgia

A20A0472. IN RE HANEY.                                          HO-018

HODGES, Judge.

Following a hearing, the Superior Court of Glynn County granted Gary Whittle's motion to withdraw his guilty plea based, in part, on a finding that Glynn County Police Lieutenant David Matthew Haney failed to disclose potentially impeaching evidence about a colleague who investigated Whittle. See *Giglio v. United States*, 405 U. S. 150 (92 SCt 763, 31 LE2d 104) (1972); *Brady v. Maryland*, 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963).[1] Haney then moved to intervene in Whittle's prosecution to challenge the trial court's finding. The trial court determined

---

[1] "The State has a duty, under *Brady v. Maryland* and *Giglio v. United States*, to disclose favorable evidence to the defendant in a criminal matter; this includes disclosure of impeachment evidence which could be used to show bias or interest on the part of a key State witness." (Citations and punctuation omitted.) *Tate v. State*, 278 Ga. App. 324, 326 (2) (628 SE2d 730) (2006).

that Haney lacked standing to intervene in a criminal case and denied Haney's motion, and Haney appeals. Even if such intervantion is available, Haney has failed to demonstrate standing to intervene in a state criminal proceeding. Therefore, we affirm the trial court's judgment.

Under Georgia law, "a trial court's decision with respect to standing will not be reversed absent clear error, although we review de novo any questions of law inherent in that decision." (Citation and punctuation omitted.) *Callaway Blue Springs, LLLP v. West Basin Capital, LLC*, 341 Ga. App. 535, 537 (1) (801 SE2d 325) (2017), superseded by statute on other grounds as stated in *RES-GA McDonough, LLC, v. Taylor English Duma* LLP, 302 Ga. 444, 448 (1) (807 SE2d 381) (2017); see also *Buckler v. DeKalb County*, 290 Ga. App. 190, 195 (2) (659 SE2d 398) (2008) ("[A] claim for permissive intervention addresses itself to the sound discretion of the court, and we will not reverse the court's decision absent abuse of discretion."). So viewed, the record shows that Whittle entered a guilty plea in the trial court to two counts of Sale of Schedule II Controlled Substance. Thereafter, Whittle learned that certain members of the Glynn Brunswick Narcotics Enforcement Team were under investigation by the GBI. Whittle filed a timely motion to withdraw his guilty plea,

alleging that the failure to disclose the investigation, and the factual bases of the investigation, was both a *Brady* and a *Giglio* violation.

Following four separate evidentiary hearings, including testimony by Haney, the trial court granted Whittle's motion to withdraw his guilty plea. In its 25-page order, the trial court detailed Haney's knowledge, from as early as November 16, 2017, that the investigator in Whittle's case, Officer James Cassada, was engaging in a sexual relationship with a confidential informant and that Cassada had entered a substance abuse treatment facility in Jacksonville, Florida. Specifically, Haney's knowledge was the result of at least three text message exchanges with Cassada's wife, a telephone call from Cassada's wife notifying Haney of Cassada's relationship with the confidential informant, and a lunch meeting with Cassada.

The trial court found that, despite Haney's knowledge of Cassada's sexual relationship with the confidential informant, "[n]o written record, no inquiry, no internal affairs investigation, and no action resulted from any of these reports. . . ."[2] Similarly, although Haney knew Cassada "had gone to treatment for what [he was]

---

[2] The trial court's order mentioned four other officers, in addition to Haney, against whom it found *Giglio* violations based upon the failure to disclose other potentially impeaching events, including other officers' knowledge of Cassada's activities and substance abuse treatment.

told was an alcohol problem[,] . . . this information was not documented and not disclosed upon Officer Cassada's return. . . ." Accordingly, the trial court concluded that information concerning Cassada's relationship with the confidential informant had been suppressed and that Cassada's "two month stay in a substance abuse treatment facility is exculpatory information under *Brady*. . . ." (Emphasis in original.) In addition, the trial court determined that the failure to disclose these facts, known to Haney and therefore attributed to the State, constituted "[i]mpeaching information within the meaning of *Giglio*. . . ."[3] (Emphasis in original.) Accordingly, the trial court granted Whittle's motion to withdraw his guilty plea.

In response to the trial court's order, Haney filed a motion to intervene in which he asked for a hearing, with notice and an opportunity to be heard, and that the trial court "[r]econsider and reverse the Giglio finding. . . ."[4] Following a hearing on Haney's motion, the trial court summarily found that Haney lacked standing to

---

[3] The trial court included statements in its order that Haney "refused to cooperate with [a] GBI investigation, and testified that he would recommend other officers not to cooperate with the GBI." Although these findings are consistent with Haney's testimony, the trial court did not cite these findings as a basis for its decision on Whittle's motion to withdraw his guilty plea.

[4] There is no indication that Haney performed any duties in the investigation and prosecution of Whittle's case.

4

intervene and denied the motion. At the conclusion of the hearing, and after the trial court announced its ruling, Haney's counsel indicated that he understood the trial court's ruling "because I understand what Georgia law is and the argument that we don't have a vehicle. We need to have a vehicle." This appeal followed.

In a single enumeration of error, Haney contends that the trial court erred in denying his motion to intervene or in providing him "a hearing to challenge the court's findings regarding his conduct under *Giglio*." See *Garrity v. New Jersey*, 385 U. S. 493 (87 SCt 616, 17 LE2d 562) (1967) (recognizing law enforcement officer's right to remain silent during an investigation by other state law enforcement agencies). We disagree and, for the following reasons, affirm the trial court's judgment.

At the outset, neither party has addressed squarely the fundamental question of standing, upon which the trial court based its order.[5] "The constitutional and procedural concept of standing falls under the broad rubric of jurisdiction in the general sense, and in any event, a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction." (Punctuation omitted.) *Blackmon v. Tenet*

---

[5] Although the trial court's "summary order lacked any analysis" to support its conclusion, we may affirm an order "if it is right for any reason." *Estate of Nixon v. Barber*, 340 Ga. App. 103, 105 (1) (796 SE2d 489) (2017).

*Healthsystem Spalding*, 284 Ga. 369, 371 (667 SE2d 348) (2008). Indeed, "standing is a *threshold* issue." (Footnote omitted; emphasis in original.) *Rondowsky v. Beard*, 352 Ga. App. 334, 340 (1) (b) (835 SE2d 28) (2019); see also, e.g., *State v. Alford*, 347 Ga. App. 208, 211 (1) (818 SE2d 668) (2018) ("[D]emonstrating standing is a threshold burden for suppression of the evidence.") (citation omitted). To have standing, a party seeking relief must show: (1) he has suffered "an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the challenged wrong; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (Citation and punctuation omitted.) *Center for a Sustainable Coast v. Turner*, 324 Ga. App. 762, 764 (751 SE2d 555) (2013); see also *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-561 (II) (112 SCt 2130, 119 LE2d 351) (1992); *Granite State Outdoor Advertising v. City of Roswell*, 283 Ga. 417, 418 (1) (658 SE2d 587) (2008).

Even assuming Georgia law recognized a right to intervene in a state criminal proceeding by a law enforcement officer impacted by a *Giglio* ruling, we conclude that Haney lacks standing to intervene because he has not demonstrated that he has suffered a concrete and particularized injury as a result of the trial court's *Giglio*

finding. Haney does not allege that he has lost his current job, that the circumstances of his current job have changed for the worse, that his employment has been threatened, that he has been denied other employment, or that his prospects for other employment have diminished as a result of the trial court's finding in Whittle's case. In fact, Haney stated that he had been an officer with the Glynn County Police Department since 2006 and that he intended "to complete [his] career there[,]" further indicating that he was not actively seeking other employment due to any change in his employment. Instead, Haney offers generic, speculative statements that the trial court's order constituted a "'death order' to [his] career" and that the order "will have an adverse impact on [his] job, career and certification." These statements fall well short of what is required to establish standing. See generally *Sustainable Coast*, 324 Ga. App. at 764; compare *Byrne v. Clinton*, 410 FSupp3d 109, 118 (III) (A) (1) (D. D. C. 2019) (finding that "'conjectural or hypothetical' allegations of [reputational] injury are insufficient to establish standing") (citation omitted); *NRDC, Inc. v, Wheeler*, 367 FSupp3d 219, 231 (III) (B) (S. D. N. Y. 2019) (recognizing that "an injury to reputation will satisfy the injury element of standing [and that] such an injury must be 'concrete and particularized' and 'actual or imminent,' and not 'conjectural or hypothetical," and holding that the plaintiffs did "not allege with any

7

additional specificity what sort of actual, tangible harm to their reputations they have suffered or will suffer") (citations and emphasis omitted); *Southwest Environmental Center v. Sessions*, 355 FSupp3d 1121, 1132 (I) (A) (2) (D. N. M. 2018) ("Reputational injury must be accompanied by concrete harm in order to establish an injury in fact.") (emphasis omitted); *Barker v. Conroy*, 282 FSupp3d 346, 358 (III) (A) (1) (c) (D. D. C. 2017) (holding that plaintiff's "alleged future injury from an alleged loss of reputational benefits is too speculative because [the plaintiff] fail[ed] to show that his alleged stigmatic injury is concrete or particularized, providing no examples of how or when such an injury may be likely to occur"). As a result, we conclude that the trial court did not err in denying Haney's motion to intervene due to Haney's lack of standing.[6]

In sum, we conclude that, even if intervention in a state criminal proceedings were available under the circumstances of this case, which we do not decide, Haney

---

[6] Accordingly, we need not decide whether Georgia law recognizes a general right to intervene in a state criminal proceeding. As a result, Haney's reliance upon *United States v. Carmichael*, 342 FSupp2d 1070 (M. D. Ala. 2004), *Gantert v. City of Rochester*, 135 A3d 112, 116 (II) (N. H. 2016), and *Duchesne v. Hillsborough County Attorney*, 119 A3d 188 (N. H. 2015) — none of which address standing — is misplaced. Similarly, we do not decide whether the termination of Whittle's case by an entry of nolle prosequi affected any such right to intervene.

8

has failed to demonstrate standing to intervene. Accordingly, we affirm the trial court's order denying Haney's motion to intervene.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*