**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 14, 2022**

# In the Court of Appeals of Georgia

A22A0457. WILLIAMS v. THE STATE.

A22A0458. RAWLS v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Judeah Williams and Eric Rawls were convicted of trafficking in cocaine.[1] The defendants filed motions for new trial (later amended), which the trial court denied following a hearing, and the two defendants appeal. In Case No. A22A0457, Williams raises claims of ineffective assistance of counsel. In Case No. A22A0458, Rawls contends that he also received ineffective assistance of

---

[1] A second charge of possession of less than one ounce of marijuana was bifurcated from the trafficking prosecution, and an order of nolle prosequi was entered after the defendants were convicted on the trafficking charge.

counsel.[2] For the reasons that follow, we reverse the judgments of conviction in both cases A22A0457 and A22A0458.

Viewed in favor of the verdict,[3] the evidence shows that an officer was patrolling at about 3:00 a.m. on the night of May 21, 2017, and witnessed a vehicle cross the center turn lane with the driver's side tires. Believing the driver might have been impaired because of the time of night, the officer effectuated a traffic stop. When he requested the driver's license of the individual in the driver's seat, who was later determined to be Rawls, the officer noticed the odor of alcoholic beverage. In response to the officer's question regarding the odor of alcohol, Rawls responded that Williams, who was in the passenger's seat, had a mixed drink in the vehicle. The officer also noticed a small open liquor bottle in the passenger door cup holder.

The officer had Rawls and Williams exit the vehicle, and the officer noticed that the bottle he observed earlier was a vodka bottle and close to being empty. The officer also noticed that the passenger side seat was wet, and he advised Rawls and Williams that he was going to search the vehicle for additional open containers based

---

[2] We have consolidated the cases for purposes of appeal.

[3] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

on his experience of having hidden open containers used by the driver concealed by a passenger in a vehicle.

As he searched the center console, the officer discovered a work glove, which he removed from the console and which contained a plastic bag with a white powder substance, later determined to be cocaine, located inside the glove. The officer testified that the plastic bag with the white powder was visible and sticking out of the glove when he opened the console. At this point, the officer handcuffed Rawls and placed him in the patrol car; in response to the officer's question, Rawls denied that the suspected cocaine was his.

By this time, another officer had arrived, who handcuffed Williams and placed her in the second patrol car. The second officer read Williams her *Miranda*[4] rights, and the first officer questioned Williams about the cocaine, which she admitted was hers, explaining that she had sold her car in order to purchase the cocaine for $2,400 for later distribution because she had lost her job and needed the money. Because Williams claimed possession of the cocaine and the officer had not discovered any other illegal activity, he released Rawls and arrested Williams. Eventually, Williams made a statement to police indicating that Rawls was in possession of the cocaine,

---

[4] See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LEd2d 694) (1966).

which he told her to hide as the officer pulled them over, this statement resulted in the State charging both Williams and Rawls.

At trial, in addition to the officer's testimony about the evening as summarized above, the State introduced a video of the officer's body camera showing the stop. Rawls did not testify, Williams did, however. She testified that she initially claimed possession of the cocaine because she was afraid of Rawls, but she did not purchase the cocaine; she did not plan to purchase the cocaine or collude with Rawls to do so; and she did not know that the cocaine was in the vehicle until the officer pulled them over and Rawls began to panic. At the conclusion of trial, the jury found both Rawls and Williams guilty of possessing a trafficking amount of cocaine.

1. Both parties raise instances of ineffective assistance of counsel. Because we agree with Rawls's contention that his counsel was ineffective for failing to file a motion to suppress the search,[5] we address only that enumeration and reverse the judgments of conviction in both cases.

In order to establish a claim of ineffective assistance of counsel, a defendant

---

[5] The argument presented by Rawls, the response by the State, and the trial court's order addressing this argument in the motion for new trial are perfunctory and fail to thoroughly address this issue.

4

must prove both that his counsel's performance was professionally deficient and that he was prejudiced by that deficient performance. To prove deficient performance, [the defendant] must show that counsel performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. This showing requires a defendant to overcome the strong presumption that trial counsel's performance was adequate. Reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. To prove the prejudice prong, [the defendant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. If [the defendant] fails to show either prong of the *Strickland[v. Washington]* test, we need not examine the other prong.[6]

"The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel; an appellant must make a strong showing that the evidence would have been suppressed had the motion been filed."[7] "Under the automobile exception to the warrant requirement imposed by the Fourth Amendment, a police officer may search a car without a warrant if he has probable cause to believe the car

---

[6] (Punctuation and citations omitted.) *Terrell v. State*, 313 Ga. 120, 130 (5) (868 SE2d 764) (2022), quoting *Collins v. State*, 312 Ga. 727, 744 (8) (864 SE2d 85) (2021); *DeLoach v. State*, 308 Ga. 283, 287 (2) (840 SE2d 396) (2020), and citing *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Palmer v. State*, 303 Ga. 810, 816 (IV) (814 SE2d 718) (2018).

[7] *Millsap v. State*, 275 Ga. App. 732, 736 (3) (c) (621 SE2d 837) (2005).

contains contraband, even if there is no exigency preventing the officer from getting a search warrant."[8]

> If

> the trial court was not required to make explicit factual findings or credibility determinations on the record, and in fact did not do so, we assume that the trial court implicitly resolved all disputes of fact and credibility in favor of its ruling, and we generally accept such implicit factual findings unless clearly erroneous. . . . [If] the controlling facts are not in dispute . . . because they are discernible from a video, our review is de novo.[9]

It is undisputed that Rawls did not consent to the search[10] and that the officer did not obtain a warrant for the search. During Rawls's motion for new trial hearing, his trial counsel was questioned about the officer's discovery of the cocaine and why

---

[8] (Punctuation omitted.) *State v. Alford*, 347 Ga. App. 208, 214 (3) (818 SE2d 668) (2018), quoting *Shell v. State*, 315 Ga. App. 628, 631 (2) (727 SE2d 243) (2012).

[9] (Citations and punctuation omitted.) *State v. Walden*, 311 Ga. 389, 390 (858 SE2d 42) (2021).

[10] The State asked the officer whether Rawls told him he was not allowed to search the vehicle, and the officer answered "no"; however, there is no indication that the officer actually requested permission to search the vehicle and in fact had removed Rawls and Williams from the vehicle before immediately searching without asking for permission according to the body camera video.

6

he failed to move to suppress the search. Trial counsel could not remember details about where or how the cocaine was found, and he did not have a strategic reason for not filing a motion to suppress the search.

In this case, the officer testified that the basis of probable cause for the warrantless search of the vehicle was to look for additional open containers of alcohol based on Rawls's and Williams's admission that Williams was drinking from an open container while riding in the passenger seat. There was no indication that the officer felt fear for his safety, smelled any drug-related odors, or had probable cause to support a search for any contraband other than open containers of alcohol.[11] The officer testified that he opened the center console of the vehicle in order to check for additional open containers of alcohol and immediately saw a plastic bag containing a white substance sticking out of a glove in the console. The body camera footage of the search, however, establishes that this testimony is false, and that instead, the

---

[11] Compare *Alford*, 347 Ga. App. at 215-216 (3) (remanding for trial court to address whether the officer's detection of the odor of marijuana provided probable cause for searching a backpack after the court found that the defendant's violation of the open container ordinance could not support the search).

7

officer had to remove the glove from the console and shift the position of the glove opening in order to look inside the glove before being able to see the bag of cocaine.[12]

"The scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found."[13] As established by the video of the search, as soon as the officer opened the center console it was apparent that no *open containers of alcohol* were therein because it was stuffed full of random items, and there was no probable cause for the officer to pull the glove from the console and investigate therein because the glove would not have contained an open container of alcohol.[14] It is not illegal to

---

[12] See *Dougherty v. State*, 341 Ga. App. 120, 123, n. 1 (799 SE2d 257) (2017) ("We conduct a de novo review of factual findings when the controlling facts are clearly and completely discernible from a video recording.").

[13] *United States v. Ross*, 456 U. S. 798, 824 (IV) (102 SCt 2157, 72 LE2d 572) (1982) ("Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented [noncitizens] are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab.").

[14] Compare, e.g., *Douglas v. State*, 303 Ga. 178, 182 (2) (811 SE2d 337) (2018) (explaining that detection of burnt marijuana or raw marijuana by a trained law enforcement officer may support a warrantless search of a vehicle and any locations

8

have unopened bottles of alcohol in a vehicle, so there would be no reason for an officer to rummage through a console in this way to look for alcohol that was being consumed by the driver. In fact, the officer testified that he did not smell alcohol on Rawls and allowed Rawls to leave the scene and drive the vehicle after Williams was detained for possession of the cocaine.

Because Rawls has established that the evidence would have been suppressed had a motion to suppress been filed and given that without the search no contraband would have been found for which to charge the instant crime, Rawls has established he received ineffective assistance of counsel. Accordingly, the judgment of conviction against Rawls is reversed, and because Williams's conviction is tainted by the same search, her judgment of conviction is likewise reversed.

*Judgment reversed in cases A22A0457 and A22A0458. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

therein that could conceal the substance); *Jones v. State*, 319 Ga. App. 678, 679 (1) (738 SE2d 130) (2013) (same). Here, the video shows no indication that Rawls was impaired based on his demeanor or movements. We note that after Williams made statements claiming ownership over the cocaine, the officer allowed Rawls to leave the scene of the stop after arresting Williams. The officer's conduct shows that he was not worried that Rawls had been drinking, that he was too impaired to operate the vehicle, or that he was likely to drink from other open containers of alcohol secreted in the vehicle.

9