**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 28, 2024**

# In the Court of Appeals of Georgia

A24A0013. COCHRAN v. THE STATE.

BROWN, Judge.

In 2022, David Cochran was charged with DUI (less safe), DUI (per se), driving while disqualified, speeding, and driving with an open container. The trial court partially dismissed his motion to suppress, finding that it failed to include the factual showing required by OCGA § 17-5-30 (b), and Cochran now appeals. For the reasons explained below, we reverse the dismissal of Cochran's motion to suppress.

Pursuant to OCGA § 17-5-30 (a), a defendant may move to suppress evidence either because the warrantless search was illegal or, where there was a warrant, on one of three articulated grounds: "the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed."

"When a defendant files a motion seeking suppression of items allegedly seized unlawfully, OCGA § 17-5-30 (b) requires the defendant to state in the motion why the search and seizure were unlawful so as to afford notice of the legal issues which will be before the trial court." (Citation and puctuation omitted.) *State v. Alford*, 347 Ga. App. 208, 212 (2) (818 SE2d 668) (2018). See also OCGA § 17-5-30 (b) ("The motion shall be in writing and state facts showing that the search and seizure were unlawful.").

Cochran's motion sought to suppress any evidence obtained pursuant to a search warrant for his blood and any statements made while in custody as involuntary, illegally obtained, and in violation of his *Miranda* rights. The motion contained various legal challenges, including, inter alia, lack of reasonable articulable suspicion to stop and detain Cochran, lack of probable cause to arrest Cochran, unlawful delays, the inadmissibility of Cochran's refusal to submit to a blood test, and the unlawfulness of the search warrant. During the hearing on Cochran's motion, the State orally objected, arguing that it was a "kitchen sink motion" lacking "specificity." The trial court ruled orally that Cochran's motion to suppress was not particularized as required by OCGA § 17-5-30 (b), and subsequently entered a written order, partially

2

dismissing the motion.[1] The trial court certified its order for immediate review, and this Court granted Cochran's application for interlocutory appeal.

> In cases involving warrantless searches, the factual showing required by OCGA § 17-5-30 need not be made in great detail, because in such cases many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search). In such cases, motions to suppress are held sufficient if they put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing.

(Citation and punctuation omitted.) *Alford*, 347 Ga. App. at 212 (2). Here, Cochran's motion asserted that "officers . . . never observed [him] drive in an unsafe manner or commit a traffic offense"; that his "driving prior to the stop did not constitute 'less safe driving' or recklessness and the officer did not observe [him] drive in an erratic

---

[1] The portion of Cochran's motion not dismissed by the trial court challenges as unconstitutional OCGA § 40-5-67.1 (d.1), OCGA § 40-6-392, and the admission of a defendant's refusal to submit to a blood test. The trial court found these arguments without merit, and Cochran does not challenge these rulings on appeal.

manner or commit a traffic offense"; and that officers did not have an arrest warrant. The motion further asserted that Cochran's

> stop and detention . . . constituted a pre-textual stop and detention which did not provide probable cause to arrest Defendant for the offense of Driving Under the Influence. Nor did the nature of this stop provide the stopping officer with a reasonable articulable suspicion to detain [him] for an extended investigatory stop involving involuntary field sobriety tests.

The motion also identified the Douglas County Sheriff's officer who stopped and detained him and sought to suppress any statements or the results of any field sobriety tests after he was stopped and detained.

Given the above, the State had notice that Cochran was challenging the traffic stop and his arrest. See *Dean v. State*, 246 Ga. App. 263, 264 (540 SE2d 246) (2000); *State v. Goodman*, 220 Ga. App. 169, 170 (1) (469 SE2d 327) (1996). Further, "[t]he motion in this case was sufficient to put the [S]tate on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." *Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982). Accordingly, it was error to dismiss this portion of Cochran's motion to suppress.

4

With regard to the suppression of the results of a blood test administered pursuant to a search warrant, Cochran's motion asserted that "[t]he warrant for the blood of Defendant was unlawful and insufficient. The seizure, search, and testing of Defendant's blood was unlawful." The motion then goes on to identify various legal challenges, including that the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, and that the warrant was illegally executed. We conclude that Cochran's motion sufficiently apprised the State that the blood test conducted pursuant to a warrant was at issue, that it was necessary to have present at the hearing the affiant officer, and that Cochran challenged the legality of the warrant and the administration of the blood test. See *Glenn v. State*, 288 Ga. 462, 465 (2) (a) (704 SE2d 794) (2011) (rejecting State's argument that defendant's motion to suppress was "insufficient as a matter of law since it made conclusory allegations and did not state any facts" when motion asserted, inter alia, that "the affidavit offered in support of the warrant applications lacked sufficient reliability because it contained illegally-obtained evidence"; nonetheless affirming trial court's denial of motion to suppress).

*Judgment reversed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*